## LEE *v.* SAVANNAH GUANO COMPANY.

1. A deed from an insolvent married man to his wife, founded upon no other consideration than a contract previously made between them, by the terms of which she was to perform the ordinary household duties of a wife, for which he was to pay her a stipulated sum per annum, is, as to creditors of the husband whose claims were in existence at the time of the execution of the deed, voluntary, and therefore void.

2. The present case upon its facts is absolutely controlled by the law above announced.

November 9, 1896. Argued at the last term.

Levy and claim.    Before Judge Hart.    Wilkinson superior court.    October term, 1895.

*J. W. Lindsey* and *Estes & Jones*, for plaintiff in error.
*F. Chambers*, contra.

LUMPKIN, Justice.

An execution in favor of the Savannah Guano Company, against a partnership composed of Lee and two others, was levied upon certain land as the property of Lee, which was claimed by his wife. The property was found subject, and the claimant complains here of the overruling of her motion for a new trial. Although it contains numerous grounds, the case, upon its merits, involves a single question, viz: that indicated in the first head-note. The record discloses that when Mr. and Mrs. Lee married, they owned no property, and were necessarily dependent upon their own labor for a support. Realizing their situation, and being very properly desirous of bettering their condition in life by the accumulation of property, they considered and discussed between themselves the question of dispensing with hired servants, and doing their own work, each to bear a fair share of the burden common to both. It was obviously contemplated that the husband should labor to procure for them the necessaries of life, and that she should keep the household and its affairs in order. This is exactly what people in their circumstances ought to do, and their conduct was altogether praiseworthy. It further appears that they entered into an agreement by the terms of which Mr. Lee was to pay Mrs. Lee $100 per annum in consideration of her consent to dispense with servants and her undertaking to perform with her own hands the ordinary household duties devolving upon a wife in her position. There was nothing wrong about this agreement, and if Mr. Lee had been able to pay her the stipulated sum per annum, and at the same time pay his debts, there would have been no difficulty about the matter. We cannot, however, bring ourselves to the conclusion that an agreement of this kind can be made effectual as against creditors

of the husband. Mr. Lee failed to make the annual payments to his wife, as agreed; and when his alleged indebtedness to her had so accumulated as to amount to a considerable sum, he conveyed to her the land now in dispute in settlement and full satisfaction of her entire claim. This conveyance was made before the plaintiff in execution had obtained judgment against Lee upon a debt contracted by the latter prior to the settlement with his wife above mentioned.

Under the facts recited, we do not think Mrs. Lee can maintain her claim to the land in controversy. Notwithstanding the passage of the married woman's law of 1866, the wife still owes to the husband the performance of those common law duties, and the rendering of those services, which are appropriate to their surroundings and circumstances. If he labors in the field, in the workshop, or elsewhere, for her support, as is his legal duty, she cannot charge him for cooking his meals, making or mending his garments, sweeping the floors of his house, milking the cow, or for other services of a like kind. Their duties are correlative, the performance of hers being no less obligatory than the performance of his. The husband is not legally bound to support his wife in luxurious idleness. If she refuses to perform her obligations, she forfeits all right to demand of him a support. The courts uniformly protect the husband in the assertion of his lawful right to receive the benefit of his wife's services. Indeed, it is only upon the theory that the services of the wife belong absolutely to her husband, that the law allows him to recover damages for torts committed upon her, by reason of which he is deprived of those services. If a husband without means is willing to take upon himself all the burdens; or if, because of the possession of adequate means, he is able to relieve his wife from all forms of drudgery, it is in the first instance sometimes commendable, and in the latter always

proper, for him to do so; but the wife cannot demand such an exemption as a matter of strict legal right.

It must be borne in mind that we are not now dealing with the question of the husband's appropriation of money made by his wife as *earnings* from work or labor performed in spheres entirely outside of her household duties and obligations.   Such earnings are oftentimes exclusively her own; certainly so, when her husband expressly consents to her engaging in the occupation or business from which they are realized.   The present case is altogether of a different order.   In reaping the benefits of his wife's services in conducting in person her household affairs, Mr. Lee gained nothing to which he was not, independently of the agreement between them, entitled as a matter of absolute right.   This is none the less true, though the services she rendered may have been prompted by affection and a wifely devotion which made her willing to save him the expense of hiring servants, which he would have been willing to incur had she so desired.   It follows that his alleged agreement with her did not amount to a contract which, in any legal sense, was based upon a valuable consideration.   In cold, hard law—which we are obliged to enforce—it was only a *nudum pactum*.   The deed made in pursuance of this agreement rested upon no better foundation than the alleged contract itself, and was therefore purely voluntary. We are thoroughly satisfied that the rights of a judgment creditor cannot be defeated by such a conveyance.

Any other conclusion would tend to a disregard and neglect of those mutual obligations existing between married persons of limited means, the observance of which contributes so largely towards making the honest laboring people of this country the bulwarks of its prosperity.

*Judgment affirmed.*