## 48265. DEPARTMENT OF HUMAN RESOURCES v. WILLIAMS.

HALL, Presiding Judge. This is an appeal from an order of the superior court reversing and remanding a decision of an officer of the Department of Human Resources.

On or about January 17, 1972 the appellee, a recipient of public funds, was notified of the intent to reduce his grant. He was receiving the funds under the state's welfare program for aid to the permanently and totally disabled, and the notice of intent to reduce was given by the Fulton County Department of Family and Children's Services. The public grant was paid to him under a formula and regulation which allowed in its computation the cost of employing a person for personal care, not to exceed $100 per month. Recipient purportedly had contracted with his wife for her domestic and personal care, and for her services as an attendant and for running errands and doing other things which he was unable to perform for himself; and it was contended that he was paying a part of his grant to his wife for such contracted services. Fulton County contended the contract between husband and wife was not within the Department's allowed computations,

as it was an unenforceable agreement to pay the wife for services she owed her husband irrespective of the contract.

Upon receipt of this notice, the recipient filed an appeal to the State Department of Family and Children's Services under § 12 of the Georgia Public Assistance Act (Code Ann. § 99-2911; Ga. L. 1965, pp. 385, 390). A hearing was held, and the hearing officer concluded, as a matter of law, that recipient was not entitled to receive that part of the grant which was paid to his wife under the aforesaid contract; and that the payment be reduced. Recipient then filed an action in the superior court in which he sought a judicial review of said finding. The State Department, hereinafter called the Agency, filed a motion to dismiss, contending it was not subject to such judicial review because same amounts to a suit against an agency of the state and is barred by the doctrine of sovereign immunity.

The court denied the motion to dismiss; and ordered the Agency to respond to the petition pursuant to the Administrative Procedure Act. The Agency responded, and the case came on for hearing. The court found, as a matter of law, that the recipient (a husband) is able to contract with his wife for extraordinary service, above and beyond a wife's normal duty. The court held that the language in the regulation which authorized payment up to $100 as the cost of employing a person did not exclude a wife as such employee. The court reversed and remanded the decision for further findings of fact.

There are two questions before this court: whether the administrative proceedings of the Department of Human Resources are subject to judicial review, and whether a contract between husband and wife for personal care services is valid.

1. The Georgia Administrative Procedure Act has waived the state's sovereign immunity in cases that fall within it by providing that "Any person who has exhausted all administrative remedies available within the agency and who is aggrieved by a *final decision* in a *contested case* is entitled to judicial review under this Chapter." Code Ann. § 3A-120. (Emphasis supplied).

The Georgia Administrative Procedure Act defines an agency as "each State board, bureau, commission, department, activity or officer authorized by law expressly to make rules and regulations or to determine contested cases except . . ." certain agencies, the listing of which does not include the Department of Human Resources or its predecessor. Code Ann. § 3A-102 (a).

A rule is defined as "each agency regulation . . . but does not include . . . (9) Rules relating to loans, grants and benefits by the State or of an agency." Code Ann. § 3A-102 (f). The APA then prescribes methods and procedures for adoption of rules, filing and effective dates of rules, publication of rules, judicial notice of rules, petition for adoption of rules, declaratory judgments on validity of rules, and declaratory ruling by agencies. Code Ann. §§ 3A-103 through 3A-112. Clearly rules relating to loans, grants, and benefits are excluded from these sections of the APA. But no question involving any of these aspects of a rule of an agency is before the court in this case. Instead, we are asked to decide whether the administrative proceedings of this agency are, in a contested case, subject to judicial review.

As the Department of Human Resources is clearly an agency within the meaning of the Act, we come to the question of whether the plaintiff is one who is aggrieved by a final decision in a contested case.

A contested case is defined as "a proceeding . . . in which the legal rights, duties, or privileges of a party are *required by law* to be determined by an agency after an opportunity for hearing." Code Ann. § 3A-102 (b). (Emphasis supplied.) This "requirement by law" is found in Code Ann. § 99-2911: "An applicant for, or recipient of, public assistance . . . shall be entitled to a hearing . . . ." The determination of whether the decision of the agency in this contested case was a final decision within the meaning of Code Ann. § 3A-120 is supplied by a further reading of Code Ann. § 99-2911. "The decision of the Director . . . shall be final." Thus all requirements of the APA for judicial review are met.

It is contended, however, that the language "shall be final" refers not to the fact that the director's decision marks the exhausting of all administrative remedies, but to the General Assembly's intention to amend the APA so that the judicial review provisions should not apply to such proceedings. As the court below correctly concluded on the motion to dismiss, "The language 'shall be final' in § 99-2911 should not be read to foreclose review under the APA. Finality is an unyielding prerequisite to judicial review under that Act. Code Ann. § 3A-102 (a). § 99-2911 therefore imparts to the defendants' decisions that finality which is required to make them reviewable under the APA." This proceeding is subject to judicial review.

2. The report of the hearing officer contains as a conclusion of law,

that "Georgia law provides that a husband is entitled to the services of his wife." This is not the law. The law is that a husband is entitled to receive the *domestic* services of his wife. *Lee v. Savannah Guano Co.,* 99 Ga. 572 (27 SE 159, 59 ASR 243). The *Lee* case concerned a conveyance of land from husband to wife in satisfaction of the wife's claim for money due her under a contract with her husband for "her undertaking to perform . . . the *ordinary household duties* [emphasis supplied] devolving upon a wife in her position." The court, while finding nothing wrong with the agreement, refused to make it effectual against creditors of the husband who had become creditors prior to the conveyance of land. The court found the wife could not charge the husband "for cooking his meals, making or mending his garments, sweeping the floors of his house, milking the cow, or for *other services of a like kind.* Their duties are correlative, the performance of hers being no less obligatory than the performance of his. The husband is not legally bound to support his wife in luxurious idleness." Id., p. 574.

The services undertaken by the wife, which were not sufficient consideration, were "ordinary household duties." As the husband's correlative legal duty of support does not legally bind him to support his wife in luxurious idleness, the wife's duty of performing ordinary household services can not legally bind her to render those extensive personal care services required by a husband who has suffered such brain damage that he must be tended as is a young child.

A husband is entitled to the *domestic* service of his wife, rendered in and about the household, in the *general* work of keeping and maintaining the home. *American Fidelity &c. Co. v. Farmer,* 77 Ga. App. 192 (48 SE2d 141).

*Bituminous Casualty Corp. v. Wilbanks,* 60 Ga. App. 620 (4 SE2d 916), is cited by appellant as authority for the proposition that the husband's right to domestic services of the wife includes personal care services. In that case, however, the question involved the construction of the phrase "medical, surgical, hospital and other treatment" under the Workmen's Compensation Act. Code Ann. § 114-501. The court found that the wife was not a trained nurse, nor were the services rendered, such as the giving of medicine prescribed by the doctor and the assisting of the injured person in getting into and out of bed, of such an *unusual* type or quality as could not and would not have been performed by the *usual* housewife. *Bituminous Casualty*

*Corp. v. Wilbanks,* supra, p. 621. Galway v. Doody Steel Erecting Co., 103 Conn. 431 (130 A 705, 44 ALR 693), quoted in *Wilbanks,* does contain a statement that it is the legal duty of husband and wife to attend, nurse, and care for the other when either is unable to care for himself. But this was also a case construing a Workmen's Compensation statute. The court found it "unreasonable, in view of the general terms in which the employer's liability is stated, to suppose that the General Assembly intended to require the employer to pay a fee for services such as are ordinarily imposed on the wife and husband by the marital relation." Id., p. 435. Further, the court did not foreclose all such suits, but stated that "the employer's obligation to pay expenses may doubtless include expenses incidental to or incurred because of the performance of services rendered by the wife to her injured husband." Galway v. Doody Steel Erecting Co., supra, p. 706.

No authorities cited by appellant hold that, under all circumstances, a husband's right to his wife's domestic services includes all services which she is capable of rendering that he may require. To say that such is her duty is to say that the wife of a totally disabled man may not leave her home to seek employment without her husband's permission. It is law in Georgia that a husband is not entitled to the salary or wages of his wife, and shall not receive them without her consent. Code Ann. § 53-512. In the shadow of this statute, if nowhere else, stands the right of a married woman to the employment that will give her salary or wages. Her surrendering of this legal right to become a personal attendant to her husband is sufficient consideration for the express contract of employment, as she has suffered a legal detriment.

The authorized personal care expenditures include services other than domestic services. Manual of Public Welfare Administration, Part III, Section VII, p. G-31. The trial court did not err in reversing the ruling of the agency and remanding for a finding of facts.

*Judgment affirmed. Evans and Clark, JJ., concur.*

Argued May 30, 1973 — Decided October 10, 1973 — Rehearing denied October 31, 1973 —

*Arthur K. Bolton, Attorney General, Timothy J. Sweeney, Dorothy Y. Kirkley, Assistant Attorneys General,* for appellant.

*David A. Webster,* for appellee.