## 51198. TURNER v. HARDEN.

WEBB, Judge.

This is an appeal brought under the Georgia Administrative Procedure Act (Code Ann. § 3A-120 (a)) from the denial of an application by Elizabeth T. Turner for aid to the permanently and totally disabled.[1] After her application for disability benefits was denied Mrs. Turner requested a hearing. The hearing officer recommended that the Department of Human Resources sustain the denial because her infirmities were not so severe as to constitute a permanent and total disability. This recommendation was adopted, upheld after reconsideration and affirmed by the Ware County Superior Court. Mrs. Turner contends that the hearing officer's findings of fact and conclusions of law are totally unsupported by any competent evidence; and that the procedure by which the agency decision was reached was unlawful because she had no opportunity to present briefs or oral argument prior thereto and because the Department of Human Resources relied upon reports which were not furnished to her. *Held:*

We affirm.

1. The findings of fact and conclusions of law are amply supported by the evidence presented at the hearing. It showed that Mrs. Turner, a 53-year-old white female with a second grade education and no public work experience in many years, was suffering from moderate pulmonary dysfunction, mild hypertension and probable open angle glaucoma; that she was receiving no medication at that time for these impairments although they would be controllable under medication; and that her breathing difficulties were not of such severity as to

---

[1]Code Ann. § 99-2001 et seq. Mrs. Turner's application was filed on June 22, 1973, and the final decision of the Department of Human Resources was issued on January 25, 1974. The federal funding for this program was repealed in the continental United States effective January 1, 1974 (Act of October 30, 1972, Pub. Law 92-603, Title III, § 303, 86 Stat. 1484).

prohibit her from performing sedentary activities.

Code Ann. §§ 99-2001 and 99-2002 provide that a totally and permanently disabled person is one "who has a medically demonstrable disability which is permanent and which renders him incapable of performing any gainful occupation within his competence." Under part III, section III, pp. 4-5, of the Georgia Manual for Public Assistance Administration, the term "medically demonstrable" means that "the person's disability must be verifiable and substantiated by medical findings . . . and clinical data . . . The factor of permanency refers to a serious physical or mental impairment, or disease which is not likely to improve or . . . which is not likely to respond to any known therapeutic procedures." Since Mrs. Turner's personal physician was of the opinion, after examining her both before and after the hearing, that her condition could be improved with treatment and that her ability to follow a therapeutic regimen was good, she was not eligible for relief for permanent and total disabilities.

2. Although the hearing procedures employed in the instant case were in complete compliance with the procedures in effect at that time as authorized by the Georgia Public Assistance Act of 1965 (Code Ann. § 99-2901 et seq.; Ga. L. 1965, p. 385), Mrs. Turner argues that the Administrative Procedure Act (Code Ann. Title 3A) should have governed. This contention is based upon the holding in *Dept. of Human Resources v. Williams,* 130 Ga. App. 149 (202 SE2d 504) that the Department of Human Resources is an agency within the meaning of that Act. This court recognized in that case that the Administrative Procedure Act defines an agency as "each State board, bureau, commission, department, activity or officer authorized by law expressly to make rules and regulations or to determine contested cases . . .",[2] and prescribes methods and procedures for adoption, filing, publication, judicial notice and adjudication of the

---

[2]Except for certain agencies not including the Department of Human Resources or its predecessor. Code Ann. § 3A-102 (a).

validity of rules.[3] However, it was also expressly noted that "Clearly rules relating to loans, grants, and benefits are excluded from these sections of the APA" by Code Ann. § 3A-102 (f). *Dept. of Human Resources v. Williams,* 130 Ga. App. 149, 151, supra. Therefore the hearing procedures of the Public Assistance Act were properly utilized.

The brief and oral argument provisions of the APA (Code Ann. § 3A-117), which Mrs. Turner contends were violated, are likewise inapplicable to disability benefit proceedings. That section comes into effect only in "contested cases." Contested cases generally involve rate making, price fixing or licensing where the legal rights, duties or privileges of the parties are determined (Code Ann. § 3A-102 (b)). Code Ann. § 3A-117 provided that "When in a contested case *a majority of the officials of the agency* who are to render the final decision have not heard the case or read the record, the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made until a proposal for decision is served upon the parties and an opportunity is afforded to each party adversely affected to file exceptions and present briefs and oral argument to the *officials* who are to render the decision." (Emphasis supplied.) From this language it is apparent that Code Ann. § 3A-117 as written was intended to apply only to multi-member agencies and not to agencies where a single official[4] is charged with the responsibility of making decisions. Mrs. Turner's argument that the decision to deny her total disability benefits was based on unlawful procedure is without merit.

3. Mrs. Turner asserts for the first time upon appeal to this court that she was denied "fundamental fairness" because the disallowance of her disability benefits was

---

[3]Code Ann. §§ 3A-103 through 3A-112.

[4]Prior to 1974, the Director of the Department of Family and Children Services; then the Commissioner of the Department of Human Resources in permanent disability proceedings. Code Ann. § 99-2911.

based upon certain doctors' reports which were not furnished to her and to which she had no opportunity to reply. Although there was a period of more that a year between the filing of the administrative record in Ware Superior Court, at which time the comments of the agency's consulting physicians became public record, and the filing of the notice of this appeal, no objections on this point were ever made. They must therefore be deemed to have been waived since "no objection to any order or decision of any agency shall be considered by the court upon petition for review unless such objection shall have been urged before the agency." Code Ann. § 3A-120 (c). Since Mrs. Turner did not complain to the agency of the matters sought to be litigated in court, she did not exhaust her administrative remedies as required by Code Ann. § 3A-120 (c), and cannot now seek appellate review. *Dept. of Public Safety v. MacLafferty*, 230 Ga. 22 (2) (195 SE2d 748).

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

Argued November 3, 1975 — Decided November 12, 1975 — Rehearing denied December 3, 1975 — 

*Michael P. Froman, John L. Cromartie, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Stephen L. Cotter, Staff Assistant Attorney General,* for appellee.