## 51537. GEORGIA STATE BOARD OF DENTAL EXAMINERS et al. v. DANIELS.

Quillian, Judge.

The Georgia State Board of Dental Examiners notified the respondent Daniels, a dentist, to appear for a hearing under the Georgia Administrative Procedure Act (Code Ann. Chap. 3A-1 et seq., Ga. L. 1964, pp. 338, 339; 1965, pp. 283, 284) on allegations that he incorrectly applied orthodontic appliances to three of his patients which resulted in permanent damage to their teeth and gums, and that he had been convicted of a felony involving moral turpitude — two counts of filing false and fraudulent income tax returns, to which he had plead guilty.

Respondent Daniels filed a petition with the board, titled "interrogatories," requiring names and addresses of all persons who had knowledge or information of the facts in issue; whether the board proceeded on matters within its knowledge or whether the proceedings were based upon accusation of another person; copies of any accusation; and copies of "any staff memoranda or data" pertaining to respondent.

The board, through its staff assistant attorney general, notified respondent that his·"interrogatories. . . clearly seek to solicit information of a discovery nature. . . and are, therefore, outside the purview of" the Georgia Administrative Procedure Act. The board's counsel advised respondent that the Act provided for the taking of testimony by deposition or interrogatories and the board

would assist him in that regard.

Respondent then brought a "Complaint for Declaratory Judgment" against the board and C. L. Clifton, its joint secretary, in the Superior Court of DeKalb County. Defendant Clifton was a resident of DeKalb County. Respondent alleged the court had jurisdiction under the "Declaratory Judgment Act, Ga. Code Ann. § 110-1101, et seq. (Ga. Laws 1945, p. 137, et seq.), and the Georgia Administrative Procedure Act § 3A-101, et seq. (Ga. Laws 1964, p. 338, et seq.)." The respondent also alleged that the court had jurisdiction over the board under the provisions of "Ga. Code Ann. § 3A-111 (Ga. Laws 1964, pp. 338, 346; 1965, pp. 283, 288)." He contended that "discovery mechanisms are clearly authorized by the very terms of" the Administrative Procedure Act as well as by "Ga. Code Ann. § 81A-181 (Ga. Laws, 1966, pp. 609, 668; 1967, pp. 226, 241; 1968, pp. 1104, 1109)," of the Civil Practice Act. Respondent's further allegations are not involved in this appeal.

The court issued its rule nisi requiring the board's proceeding against the plaintiff be stayed. After a hearing the court issued its order to the board "to respond to discovery as required by the Civil Practice Act, codified in Title 81A" and "take no further action in the administrative proceedings" until defendants responded to discovery. The defendant board brings its appeal to this court. *Held:*

1. Defendant board showed that it is an instrumentality of the state, that the state is sovereign and may not be sued without its express consent. However, plaintiff alleged that jurisdiction, in part, was based on Code Ann. § 3A-111 (Ga. L. 1964, pp. 338, 346; 1965, pp. 283, 288; 1975, pp. 404, 407). This statute authorizes a superior court to accept an action for a declaratory judgment on the validity of rules of a state agency, and for the state agency to be made a party with service of the petition on the attorney general. Thus, the state has consented to suit in actions alleging necessity of a declaratory judgment on validity of rules of state agencies. *Dept. of Human Resources v. Williams,* 130 Ga. App. 149 (1) (202 SE2d 504).

2. The defendant board contends that venue was

improperly alleged to be in DeKalb County. Plaintiff alleged venue on two grounds. First — the joint secretary resided in DeKalb County. Code Ann. § 84-103 (Ga. L. 1962, p. 539) provides that the joint secretary shall not be considered a member of any board in determining venue and "no court shall have jurisdiction of any such action solely by virtue of the joint-secretary residing or maintaining a residence within its jurisdiction." Accordingly, this ground is invalid as a basis for venue. However, the plaintiff also alleged jurisdiction under Code Ann. § 3A-111. That section provides that an action for a declaratory judgment on validity of agency rules "shall be brought in the superior court of Fulton county or in the superior court of the county of residence of the petitioner." Code Ann. § 3A-111 (b). Accordingly, venue would lie in DeKalb County where plaintiff resides if this is an action for a declaratory judgment on an agency rule.

Code Ann. § 3A-102 (f) (Ga. L. 1964, pp. 338, 340; 1965, pp. 283, 284-286), defines "rule" as an "agency regulation, standard or statement of general applicability that implements, interprets or prescribes law or policy, or describes the organization, procedure, or practice requirements of any agency." It would appear that the staff assistant attorney general's statement that "a discovery mechanism. . .[is] outside the purview of the. . . [Georgia Administrative Procedure] Act" would fall within the category of a "statement of general applicability that. . .interprets or prescribes law or policy. . ." Even if this were a rule, it must be an agency rule to bring plaintiff within the scope of Code Ann. § 3A-111.

"Agency" is defined by Code Ann. § 3A-102 (a) as "each state board, bureau, commission, department, activity or officer authorized by law expressly to make rules and regulations. . ." This officer of the attorney general's office made an "interpretative rule" of law as it appeared to him. Although he spoke for the board, it was not a board "rule" as "rule" is consistently referred to throughout the Administrative Procedure Act, particularly in Code Ann. §§ 3A-103 through 3A-109. For example, Code Ann. § 3A-103 (a) (3) requires agencies to "[m]ake available for public inspection all rules and all

other written statements of policy or *interpretations formulated, adopted, or used by the agency* in the discharge of its functions." (Emphasis supplied.) Code Ann. § 3A-104 (a) also distinguishes a "rule" from an "interpretative rule." It states that "[p]rior to the adoption, amendment or repeal of any rule, other than *interpretive rules* or general statements of policy, the agency shall" follow a prescribed procedure. (Emphasis supplied.) There is no evidence that such procedure was followed here, or that this statement is anything more than a legal opinion of the board's counsel — making it an "interpretive" rule.

The Georgia Board of Dental Examiners is a rule-making body, authorized by Code § 84-707 "to make all necessary bylaws and rules for the government of said board and the performance of its duties." However, the board must follow the procedure prescribed in Code Chapter 3A-1 to adopt rules, as the word "rule" is used in Code Ann. § 3A-111. Thus, although the staff assistant attorney general for the board expressed an interpretive rule of law, it was not the type of "agency rule" which could be used to invoke the jurisdiction of the court under Code Ann. § 3A-111. We find this enumeration of error to be meritorious. Thus, venue does not lie in DeKalb County under the allegations contained in the plaintiff's complaint.

3. Appellant/defendant contends that the Civil Practice Act is not applicable to proceedings under the Georgia Administrative Procedure Act. We agree. Code Ann. § 81A-101 (Ga. L. 1966, pp. 609, 610) provides that "[t]his Title governs the procedure in all courts of record of the State of Georgia. . ." The Georgia Board of Dental Examiners is not a court of record of this state. The CPA does not apply to the Georgia Administrative Procedure Act. The intent of the legislature was to provide an administrative procedure to resolve conflicts within the authority vested in administrative agencies and boards by statute without resort to courts of record in the first instance. See *Howell v. Harden,* 231 Ga. 594 (1) (203 SE2d 206).

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

ARGUED JANUARY 14, 1976 — DECIDED
FEBRUARY 18, 1976.

*Arthur K. Bolton, Attorney General, Harold D. Corlew, Assistant Attorney General,* for appellants,
*T. M. Smith, Jr., Robert G. Tanner, Joseph L. Llop,* for appellee.