## 53444. SMITH et al. v. CALDWELL et al.

QUILLIAN, Presiding Judge.

This case involves an employer's contest of payment of unemployment compensation to an employee whose employment had been terminated.

Sequentially the facts are as follows. The employee made application for the position of secretary in employer's law office. Although the employee had "many fine qualities," "was given every reasonable opportunity to perform [her] duties," and "tried very hard to do the work," "her work was unsatisfactory." According to findings made below, employee was discharged for the failure to properly perform the duties required of her position. After termination, the employee filed an unemployment compensation claim on which an initial determination found her eligible for benefits without disqualification. The employer appealed to an Appeals Referee for an evidentiary hearing. Afterwards, the initial determination was affirmed. Appeal was then taken to the Board of Review which affirmed. Employer appealed to Dodge Superior Court which affirmed the decision below. All these rulings and appeals were pursuant to Code Ann. §§ 54-612 through 54-619 (Ga. L. 1937, pp. 806, 814-819; Ga. L. 1937-8, Extra. Sess., pp. 356, 366-369; Ga. L. 1951, pp. 512, 514; Ga. L. 1972, pp.

1224, 1230-1232, 1239-1240; Ga. L. 1973, pp. 729, 731; Ga. L. 1974, pp. 101, 105-106). We now consider the case on appeal from the superior court. *Held:*

1. Code Ann. § 54-619 provides: "In any judicial proceeding under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law." We apply that directive to our consideration of this case.

2. There was evidence showing that the employee was discharged and did not voluntarily cease work.

3. Since there was evidence of the employee's inability to perform her work satisfactorily, the employer contends she was disqualified for benefits by Code Ann. § 54-1610 (b) (Ga. L. 1937, pp. 806, 812; 1937-38, Extra. Sess., pp. 356, 362; 1941, pp. 532, 535; 1947, pp. 651, 653; 1950, pp. 38, 42; 1955, pp. 553, 556; 1956, pp. 481, 485; 1966, pp. 526, 529; 1969, pp. 249, 253; 1971, pp. 475, 483; 1972, pp. 1224, 1228-1230; 1973, pp. 729, 730), which reads: "An individual shall be disqualified for benefits—. . . For the week or fraction thereof in which he has filed an otherwise valid claim for benefits after he has been discharged or suspended from work with his most recent employer for failure to obey orders, rules or instructions or *the failure to discharge the duties for which he was employed. . ."* (Emphasis supplied.)

We point out that immediately following the above, and within the same section, referring to disqualification for benefits, is this language: ". . . and for not less than the four and not more than the ten weeks of unemployment which immediately follow the week in which said valid claim was filed as determined by the Commissioner in the case *according to the seriousness of the offense. . ."* Ga. L. 1972, p. 1229. (Emphasis supplied.)

This section should be considered in conjunction with the admonition of Code Ann. § 54-602 (Ga. L. 1937, pp. 806, 807) that unemployment funds should be "used for the benefit of persons unemployed through no fault of their own."

We also consider and follow the construction placed on the same section, albeit a different subdivision, by the Supreme Court in *Ford Motor Co. v. Abercrombie,* 207 Ga.

464, 467 (62 SE2d 209). There it was held: "The unmistakable legislative intent is plainly spelled out by the legislature itself in section 2 of the Act (Ga. L. 1937, p. 806) which we are now construing — that intent being to pay unemployment compensation during periods of unemployment to those workers whose unemployment is involuntary and is not the result of their own fault."

The trial court held: "The Hearing Referee and Board of Review findings that discharge of Ms. Dykes was due to her inability to perform her duties as secretary and not to any willful or negligent fault on her part are fully authorized if not demanded by the evidence. Mere inability to perform the duties does not require disqualification of an employee under Ga. Code [Ann.] § 54-610 (b)."

Giving the provisions the strict interpretation urged by the employer, we would have to hold that, regardless of fault, if the employee in any way failed to discharge the duties for which he was employed there would be a disqualification.

Contrary to appellant's argument, the statutory evolvement of the provision does not sustain his position. The original Act provided: "An individual shall be disqualified for benefits. . .(b) For the week in which he has been discharged for misconduct connected with his work, if so found by the Commissioner and for not more than the five weeks which immediately follow such week, as determined by the Commissioner in each case according to the seriousness of the misconduct." Ga. L. 1937, p. 812. Then in 1947 the term "misconduct" was replaced by the phrase "failure to obey orders, rules or instructions or the failure to discharge the duties for which he was employed." Ga. L. 1947, p. 653. However, the Act still contained the controlling language "as determined by the Commissioner in each case according to the seriousness of the misconduct." Ga. L. 1941, p. 536. This language was modified inconsequentially in 1950 to "as determined by the Commissioner in the case according to the seriousness of the offense." Ga. L. 1950, p. 43. This same language is found in the latest applicable amendment. Ga. L. 1972, pp. 1224, 1229.

The 1976 amendment is not here applicable. However, it contains substantially identical language and further provides: ". . . in the Commissioner's determination the burden of proof of *just discharge or suspension for cause* as set forth shall be on the employer and the presumption shall be with the employee." Ga. L. 1976, pp. 1029, 1032. (Emphasis supplied.)

In summary, the Act originally provided for discharge for misconduct. This was changed to "failure to obey orders, rules or instructions or the failure to discharge the duties for which he was employed." Ga. L. 1947, p. 653. However, the concept that there must be fault, at least a quasi delict, on the part of the employee did not change. Originally, "according to the seriousness of the misconduct," the Commissioner now bases his determination "according to the seriousness of the offense." Unless there is fault (an "offense") chargeable to the employee there is no disqualification under Section 5 (b) (Code Ann. § 54-610 (b)). The Supreme Court so held in 1950 (*Ford Motor Co. v. Abercrombie,* 207 Ga. 464, supra), and there has been nothing to show a different statutory scheme.

In our discussion of Section 5 (b) (Code Ann. § 54-610 (b)), we have necessarily disposed of any contentions made regarding similar language found in Code Ann. § 54-609 (d) (Ga. L. 1937, pp. 806, 810; . . . through 1974, pp. 101, 104).

Here, the employer considered a certain level of achievement or proficiency to be the requisite standard. The employee failed to attain the necessary proficiency. The evidence did not demand a finding of failure through fault or conscious neglect. In such circumstances, the finder of fact is best suited to determine whether there was a failure to discharge the duties within the meaning of the Act. Without expressly reading wilful into the Act, we are not prepared to hold the evidence demanded a finding that through the employee's fault, she failed to discharge her duties.

*Judgment affirmed. Marshall and Shulman, JJ., concur.*

ARGUED FEBRUARY 4, 1977 — DECIDED APRIL 5, 1977 —

134

*Smith & Harrington, Will Ed Smith,* for appellants.
*Arthur K. Bolton, Attorney General, Wayne P. Yancey, Assistant Attorney General,* for appellees.
Zelda R. Dykes, *pro se.*