## 54773. COLBERT v. CALDWELL et al.

SHULMAN, Judge.

Appellant was discharged from her employment for failure to provide proof of her educational accomplishment. Her employer appealed an award of unemployment compensation without a period of disqualification. The award was then amended, disqualifying appellant for five weeks, based on a finding that, "Constructively, the claimant's noncompliance amounted to a voluntary quit." This appeal is from the order of the superior court affirming the finding of the appeals referee.

The findings of fact of the referee were, inter alia, that appellant discovered she had not graduated from high school and embarked on an educational program to complete high school; that her employer was required by its client to provide evidence of high school graduation for employees in appellant's position; that appellant did graduate prior to the deadline established by the employer; and that appellant was unable to procure the diploma itself before the deadline because the diploma had not been printed in time.

There is no provision in Code Ann. Ch. 54-6, Employment Security Law, for a "constructive voluntary quit." The Act provides in § 610 for disqualification when an employee leaves his job ". . . voluntarily without good cause . . ." or when an employee is ". . . discharged . . . for

failure to obey orders, rules or instructions or the failure to discharge the duties for which he was employed. . ." Code Ann. §. 54-610 (a) and (b).

The undisputed fact here is that appellant was discharged. The findings of fact of the referee show that her failure to procure the necessary evidence of her high school graduation was caused, not by her fault, but by circumstances and persons beyond her control.

Our Supreme Court, construing the Act, has held that the intent of the legislature was to ". . . pay unemployment compensation during periods of unemployment to those workers whose unemployment is involuntary and is not the result of their own fault." *Ford Motor Co. v. Abercrombie,* 207 Ga. 464, 467 (62 SE2d 209). This court has reaffirmed that philosophy in *Smith v. Caldwell,* 142 Ga. App. 130 (235 SE2d 547). There, an employee was unable to attain the level of proficiency at her job which her employer considered necessary. This court held that her failure, through no fault of her own, to perform as expected would not serve as a basis for disqualification.

Based on those cases and the intent of the legislature expressed therein, we hold that appellant may not be disqualified for unemployment compensation on the basis of a "constructive voluntary quit." She did not quit. She was discharged and the requisite element of fault to justify disqualification is absent.

Appellee argues that, even if the disqualification was not justified on the basis advanced, there was sufficient evidence in the record to support a finding that appellant is disqualified by being discharged for misconduct. The decision of the appeals referee makes it clear that the employer took the position that appellant was fired for one reason only, failure to procure her diploma. Her discharge may not now be justified on a ground specifically repudiated below.

*Judgment reversed. Smith and Banke, J J., concur.*

ARGUED NOVEMBER 8, 1977 — DECIDED DECEMBER 1, 1977.

*Arthur Leed,* for appellant.

*Arthur K. Bolton, Attorney General, Wayne P. Yancey, Assistant Attorney General, L. Joseph Shaheen, Jr.,* for appellees.