## 58119. CARTER v. CALDWELL.

Underwood, Judge.

This is a case of first impression in Georgia. The appellant Carter was dismissed from his employment for failure to be present at work. His absence was caused by his incarceration following conviction of a crime which took place during nonworking hours and which was unrelated to his employment. Carter filed for unemployment compensation, but was found disqualified for the benefits by an appeals referee. This decision was affirmed by a board of review and the superior court.

1. The issue we must decide is whether an employee's dismissal from a job for failure to be present at work disqualifies him from receiving unemployment compensation under Code § 54-610 (b) when the reason for his absence is his incarceration for an offense unrelated to his employment. Code § 54-610 (b) provides that "[a]n individual shall be disqualified for benefits . . . for failure to obey orders, rules or instructions or the failure to discharge the duties for which he was employed . . ." This court has held that there must be some fault chargeable to the employee in order to have a valid disqualification under this section. *Smith v. Caldwell,* 142 Ga. App. 130 (235 SE2d 547) (1977). In *Smith,* supra, a secretary was dismissed as a result of her lack of proficiency in carrying out her employer's orders. We held that her inability was no fault of her own and that she should not be disqualified for unemployment compensation. In *Ford Motor Co. v. Abercrombie,* 207 Ga. 464, 467 (62 SE2d 209) (1950) the

Supreme Court observed that the intent of the legislature is ". . . to pay unemployment compensation during periods of unemployment to those workers whose unemployment is involuntary and is not the result of their own fault." Carter's claim is that his inability to report to work was totally involuntary and not the result of his own fault.

While it is true in some cases that misconduct totally unrelated to an employee's work will not be grounds for disqualification for unemployment benefits, 76 AmJur2d 953, Unemployment Compensation, § 57, the issue in this case is whether conduct leading to incarceration and the consequent inability to work is a valid basis for dismissal of an employee's claim for unemployment compensation. The appellant has presented summaries of cases that appear to hold that inability to report to work due to incarceration should not be grounds for disqualification. While this may be the view in some jurisdictions, it is clear that other jurisdictions have taken a different view. See Grimble v. Brown, 247 La. 376 (171 S2d 653) (1965). The appellant has presented with considerable persuasion his perception of the correct application of the statutory directives of the unemployment compensation program and the policy imperatives associated with that construction. However, we are not able to share his perception of the intention of the legislature and hold that where, as in the instant case, an employee engages in conduct which leads to his incarceration, and as a result of his incarceration he is dismissed from his employment, the denial to him of unemployment compensation is the correct interpretation of the statutory mandate of Code § 54-610 (b).

2. Enumerations 2 through 4 are without merit and involve essentially the same considerations present in Enumeration 1.

3. Appellant's fifth enumeration is that the trial judge on his own volition introduced into the proceeding the nature of the appellant's criminal offense. It is not clear from the record whether this occurred as contended, but in any event it would be harmless error here since the nature of the offense had no bearing on the decision. It was the appellant's inability to report for work due to his incarceration which disqualified him for unemployment

compensation and not the nature of the offense.

4. Appellant's sixth enumeration of error is that the superior court should have considered U. S. Labor Department guidelines concerning unemployment compensation when ruling on the case. It has not been shown that such guidelines are controlling in questions involving state implementation of the unemployment compensation programs and no error appears.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED JULY 11, 1979 — DECIDED OCTOBER 11, 1979.

*Kenneth G. Levin,* for appellant.

*Arthur K. Bolton, Attorney General, George P. Shingler, Assistant Attorney General,* for appellee.