## 58706. CALDWELL v. CORBIN.

McMURRAY, Presiding Judge.

This case involves an appeal by the Commissioner of Labor of a reversal by the superior court of a decision of the Board of Review of the Employment Security Agency, Georgia Department of Labor, which had allowed unemployment insurance payments to a claimant.

The claimant was formerly employed as a secretary-receptionist by a dentist. She was discharged

for failing to do her job as requested, that is, "improve her telephone technique," allegedly compounded by common errors in her book work and typing, lack of communication with her employer and lack of proper application of herself to the job.

Following her discharge the claimant made a claim for unemployment insurance payments contending she was unemployed, able to work, available for work and actively seeking work. She stated therein that she was unemployed because she was discharged because her employer told her she was not answering the telephone properly. A review was made of her claim, and an examiner found that the information furnished by the claimant and the employer was conflicting; establishing, however, that the employer had discharged the claimant "mainly because he was dissatisfied with her phone answering technique," after receiving "complaints from his patients concerning the claimant's performance in answering the phone." The employer asked the claimant to improve her performance by practicing at home using a tape recorder. The claimant states that she did not practice at home because she did not have time. The claimant did not take adequate precaution to protect her job when she failed to comply with the employer's requests. The law requires disqualification when discharge is for failure to follow rules or regulations or to perform the duties for which hired. The examiner then held that disqualification was required in this case.

The claimant appealed the administrative determination disqualifying her for five weeks of unemployment insurance under "Section 5 (b) of the Law." A referee after hearing made a finding of fact that the claimant was discharged due to unsatisfactory work performance, that is, the manner in which she talked to patients over the telephone and errors in her book work. Claimant testified "she was not rude to patients and always got along with patients well over the telephone," and any errors "she made in her book work were not intentional," and "she was working to the best of her ability and she had never received any complaints herself from any patient." The referee then determined that "the employer discharged the claimant because he was not

satisfied with her performance," but the testimony failed to conclusively establish that the claimant's discharge was due to a wilful or intentional failure to carry out the duties for which hired, and a disqualification was not in order under Section 5 (b) of the law (see Ga. L. 1976, pp. 1029, 1031, amended by the statute rewriting Code Ann. § 54-610 (b)). He then held that since the separation was not under disqualifying conditions "the employer's experienced rating account is not subject to relief of charges as per Section 7 (c)(2)." The administrative determination was set aside and unemployment insurance was allowed "as per Section 5 (b) of the Law."

Whereupon the employer appealed to the Board of Review contending that "the Referee ignored specific written testimony indicating intentional refusal to obey orders and carry out duties, despite the fact that the Referee stated that the testimony from the original conference would be made a part of the record." After careful review the Board of Review adopted the Referee's findings and affirmed his decision.

The employer then petitioned for judicial review under the authority of Code Ann. § 54-619 (Ga. L. 1937, pp. 806, 818; 1951, pp. 512, 514; 1972, pp. 1224, 1239; 1974, pp. 101, 105; 1978, pp. 1386, 1395). Employer therein set forth that the decision of the Appeals Referree reversing the original administrative determination (affirmed by the Board of Review) is unsupported by the evidence, unsupported by the law, the conclusions of law made therefrom were erroneous, "in that said findings of fact indicate that disqualification was required pursuant to Ga. Code Ann. § 54-610 (b) [supra]," and the ultimate decision is unsupported by and directly in conflict with the Referee's own findings of fact and conclusions of law.

The Commissioner answered the petition in accordance with Code Ann. § 54-619, supra, after being served with a second original of the petition seeking the judicial review. The employer then moved for a hearing as to the introduction of certain documentary evidence in the record with reference to certain personnel records of the employer concerning the respondent-claimant which "were considered during the hearing by the above-named claims examiner," contending that the record before the

superior court does not include said personnel records, nor copies thereof. Employer alleges "that it is crucial that this court have an opportunity to review and consider said documents as did the claims examiner and referee in the ... previous hearings." The respondents, Commissioner of Labor and the claimant, were notified of a hearing to permit the introduction and inclusion of certain documents in the records. The respondent-claimant was not present at the hearing, but the res-pondent-Commissioner notified the superior court by letter that "the State has no objection to the addition of this evidence to the record," adding that counsel would not be present at the hearing and was submitting the letter in lieu of appearing. The letter further stated that "while these records may undoubtedly be relevant to the issue to be decided, whether respondent Connie Smith wilfully failed to perform the duties for which she was hired . . . it is equally clear that neither the appeals referee nor the Board of Review have had the opportunity to consider these personnel records in the determination of this claim." Counsel then pointed out that in an appeal under the Administrative Procedure Act, Code Ann. § 54-619, supra, provides that the court's jurisdiction is limited to questions of law, and "it would be inappropriate for the Court to consider evidence which the appeals referee and the Board of Review have not had the opportunity to consider." Counsel then asked that the case "be remanded to the Board of Review of the Employment Security Agency, Georgia Department of Labor, with directions that, in accordance with the Board's own regulations, Rule 300-2-5-.04, Rules and Regulations of the State of Georgia, and Ga. Code Ann. § 54-615 [Ga. L. 1937, pp. 806, 816; 1937-38, Extra Sess. pp. 356, 368], the claim be remanded to the appeals referee for purposes of introduction of such additional evidence, including these personnel records, as either party desires to introduce."

The court then issued an order attaching a copy of the letter from the Commissioner's counsel stating in part only "that he had no objection to the addition of said evidence to the record" and ordered that said documents be admitted, the same being attached as an exhibit to this

order and that written briefs be filed on or before May 10, 1979, following which the court would render its decision.

Thereafter, the court rendered its findings of fact and conclusions of law, finding the claimant was discharged due to unsatisfactory work performance and the record "combined with the personnel records admitted without objection show without contradiction" that she had been notified of dissatisfaction with her performance and given an opportunity to improve by practicing on a tape recorder, that she failed to practice with a tape recorder despite numerous conferences and further requests in the interim and that she "failed to obey the orders and instructions of her employer . . ., and was discharged . . . at least in substantial part for said reason." The court then found that the Referee and the Board of Review "made no findings as to whether or not said Respondent [claimant] failed to obey orders, rules or instructions," and the court concluded as a matter of law that the Referee and Board of Review had failed to apply "the first criterion of the statutory test, to-wit, 'failure to obey orders, rules or instructions' . . ." and held the evidence supports no conclusion other than that the discharge of the claimant was due to the failure to obey orders and instructions. Whereupon the decision of the Board of Review affirming the Referee's decision in favor of the claimant was reversed and judgment entered for the employer. The Commissioner appeals. *Held:*

1. It has been determined in a review by this court that in a judicial proceeding under Code Ann. § 54-619, supra, "the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law." *Smith v. Caldwell,* 142 Ga. App. 130, 131 (1) (235 SE2d 547).

2. In *Smith v. Caldwell,* supra, p. 133 this court held that where ". . . the employer considered a certain level of achievement or proficiency to be the requisite standard, [and] [t]he employee failed to attain the necessary proficiency . . . [and] [t]he evidence did not demand a finding of failure through fault or conscious neglect . . .," the fact finder is best suited to determine whether there was a failure to discharge the duties within the meaning

of the Act. This court therein refused to hold that the evidence demanded a finding that "through the employee's fault, she failed to discharge her duties." That case is very similar to the facts of the case sub judice, although the superior court there affirmed the findings of the fact finder whereas here the superior court heard additional evidence which may or may not have been heard by the tribunal under review.

3. The statute under consideration as well as that of the Administrative Procedure Act are in derogation of the common law and must be strictly construed and followed in accordance with numerous decisions of our appellate courts. See *Watson v. Thompson,* 185 Ga. 402, 407 (195 SE 190); *Foster v. Vickery,* 202 Ga. 55, 60 (42 SE2d 117); *Bush v. City of Albany,* 125 Ga. App. 558, 561 (188 SE2d 245); *Dukes v. Ralston Purina Co.,* 127 Ga. App. 696, 697 (194 SE2d 630). It is here noted that under the Administrative Procedure Act in the case of judicial review of contested cases (Code Ann. § 3A-120 (f) (Ga. L. 1964, pp. 338, 354; 1975, pp. 404, 410; 1977, p. 316; 1978, p. 1362)), that if application is made to the court for leave to present additional evidence, "and it is shown to the satisfaction of the court that the additional evidence is material . . . *the court may order that the additional evidence be taken before the agency upon conditions determined by the court.* The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decision with the reviewing court.*" (Emphasis supplied.) It is also noted in subparagraph (g) thereof that the court shall conduct a review without a jury and shall be confined to the record, and in cases of alleged irregularities in procedure before the agency, not shown in the record "proof thereon may be taken in the court." However, this last section of the judicial review statute does not authorize a consideration of evidence which goes to the merits as was done here by the court.

During the hearing the respondent-claimant did not agree that the superior court could consider the additional evidence, that is, the personnel records, and thereby waive the requirement of Code Ann. § 3A-120 (f), supra, as to an application made to the court for leave to pre-

sent additional evidence. Nor did counsel for the Commissioner waive the requirement of the law but specifically pointed out in his letter in response to the motion to allow the introduction of certain documentary evidence that the case should be remanded to the Board of Review "for purposes of introduction of such additional evidence, including these personnel records, as either party desires to introduce." There has been no waiver of the requirement of Code Ann. § 3A-120, supra, as to the presentation of additional evidence. Further, as therein stated: "The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings or decision with the reviewing court." "The review shall be conducted by the court without a jury and *shall be confined to the record.*" (Emphasis supplied.) The superior court erred in considering evidence not considered by the Board of Review of the Employment Security Agency, Georgia Department of Labor, which requires a reversal, although upon return of the remittitur the superior court has ample authority to remand the case to the agency for further consideration.

*Judgment reversed. Banke and Underwood, JJ., concur.*

ARGUED OCTOBER 16, 1979 — DECIDED OCTOBER 31, 1979.

*Arthur K. Bolton, Attorney General, George P. Shingler, Assistant Attorney General,* for appellant.

*Steve Messinger,* for appellee.

Connie Smith, *pro se.*