64377. CALDWELL v. AMOCO FABRICS COMPANY, PATCHOGUE PLYMOUTH DIVISION, NASHVILLE MILLS.

DEEN, Presiding Judge.

Nancy Turner's application for unemployment compensation was approved by a claims examiner of the Georgia Department of Labor, Employment Security Agency. After an administrative hearing, this decision was affirmed by the administrative hearing officer. This decision was subsequently affirmed by the Board of Review. Appellee filed an appeal to the Superior Court and the decision of the Board of Review was reversed. This court granted a discretionary appeal. *Held:*

The Board of Review adopted the findings of the administrative hearing officer and found that Nancy Turner was eligible to receive unemployment compensation as provided in Code Ann. § 54-609 (c) (1) after the expiration of her requested two week leave of absence. The claimant was away from work for two weeks at the request of her doctor. She then reapplied for her job and was told that there was no job available which would accommodate the restrictions imposed by her doctor (no prolonged walking, standing, or sitting). The employer placed her on indefinite leave. Ms. Turner testified that she was able to work approximately seven hours if she could rest "say an hour every night, off and on during the seven hours." The employer maintained, however, that the restrictions had not changed "that she still could not do any prolonged standing, sitting and walking" although the Employment Relations Manager admitted he had called the doctor and was informed she could do lab work, but the employer did not have any work available that would be suitable for her. The record clearly shows that the claimant did not request additional leave after the expiration of the initial two week leave of absence.

In Code Ann. § 54-602, the public policy of this act is to provide

"for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own." The evidence showed that the claimant was eligible to receive unemployment benefits under § 54-609. While there may have been some restrictions placed upon the type of activity she could perform, she testified that she was willing and able to work as required under subsection (c).

Appeals from the decisions of the Board of Review are governed by the "any evidence" rule. *Caldwell v. Charlton County Bd. of Ed.,* 157 Ga. App. 395 (277 SE2d 764) (1981); *Caldwell v. Atlanta Bd. of Ed.,* 152 Ga. App. 291 (262 SE2d 573) (1979); *Sarah Coventry, Inc. v. Caldwell,* 243 Ga. 429 (254 SE2d 375) (1979). While the record is somewhat scanty, it supports a finding that the claimant was unemployed through no fault on her part and that the involuntary leave of absence was equivalent to discharge. See *Colbert v. Caldwell,* 144 Ga. App. 220 (240 SE2d 769) (1977); *Smith v. Caldwell,* 142 Ga. App. 130 (235 SE2d 547) (1977).

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED JULY 2, 1982 —
REHEARING DENIED JULY 14, 1982 —

*Michael J. Bowers, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellant.
*Leonard H. Conger,* for appellee.