## 64843. JOHNSON v. CALDWELL et al.

BANKE, Judge.

This is a discretionary appeal from an order of the superior court affirming the denial by the Commissioner of Labor of the appellant's claim for unemployment compensation.

The appellant worked for a company known as Labor King Temporaries for a period of about 13 months. Labor King is in the business of providing temporary labor to other businesses on a daily basis. Its manager testified that the company assigned jobs "on the basis of a union hall," that the doors opened between 5:40 and 6:00 a.m. each morning, and that by 7:00 a.m. most, but not all, of the assignments available for the day had been made. The appellant testified that he was unable to arrive at the Labor King office before 7:00 a.m. because he was dependent on public transportation, and that the earliest service available to him, which left his home at 6:00 a.m. each day, required approximately an hour of travel time. His inability to reach the Labor King office before 7:00 a.m. apparently did not prevent him from obtaining work there during most of the 13-month period in question.

In late 1980, the appellant was assigned by Labor King to work for Alterman Brothers Foods, and he continued to be assigned there on a regular basis for several weeks. Due to his transportation problems, he was allowed to report directly to Alterman without first reporting to Labor King. Labor King's manager testified that this special arrangement was permitted because the appellant was a good and trusted employee. After a few weeks, Alterman no longer had need of the appellant's services, and he began once again to report directly to the Labor King office. He indicated, however, that because fewer job assignments were available during this period, he was unable to secure work there. He testified that his usual procedure was to wait at the Labor King office until 10:00 or 11:00 a.m. each day and then leave to search for employment elsewhere. By the time of the hearing on his application for unemployment compensation, he had apparently found a permanent job.

The administrative hearing officer who conducted the hearing on the appellant's application concluded that he was entitled to benefits. However, the Board of Review reversed, concluding that "the claimant was not making sufficient effort to obtain employment and, therefore, [was] ineligible under Section 4 (c) of the [Employment Security] Act [Code Ann. § 54-609 (c)]." This conclusion was based *solely* on the fact that he did not report to the Labor King office by 7:00 a.m. each day. The superior court affirmed the denial of benefits, and we granted the appellant's application for

discretionary appeal. *Held:*

Code Ann. § 54-609 provides, in pertinent part, as follows: "An unemployed individual shall be eligible to receive benefits with respect to any week only if such unemployed individual shows to the satisfaction of the commissioner that: . . . (c) He is able to work, and is available for work, and has actively and in good faith sought employment, and is actively and in good faith seeking employment, and is bona fide in the labor market . . ."

The board's conclusion that the appellant "was not making sufficient effort to obtain employment" because he did not arrive at the Labor King office by 7:00 a.m. each day is in conflict with the appellant's undisputed testimony that, using the only means of transportation available to him, it was not possible for him to arrive before 7:00 a.m. Furthermore, it may be inferred from the appellant's testimony that his transportation problem did not become an obstacle until after his employment with Alterman had ended and that it became an obstacle then only because the number of jobs available through Labor King had diminished. If in fact this was the case, that is, if in fact his unemployment resulted from a lack of available jobs rather than from his own lack of diligence, then he would clearly be entitled to compensation. See generally *Ford Motor Co. v. Abercrombie,* 207 Ga. 464, 467 (62 SE2d 209) (1950); *Smith v. Caldwell,* 142 Ga. App. 130 (235 SE2d 547) (1977).

Although the board's conclusion that the appellant's failure to arrive at the Labor King office before 7:00 a.m. each day was attributable to a lack of diligence is clearly erroneous, there is some evidence, in the form of the Labor King manager's testimony, that after the job with Alterman ended the appellant often did not report for work at all. This evidence is disputed by the appellant, who testified that he sought work with Labor King on a daily basis. Thus, while the board based its ruling on a finding which was not supported by evidence, we cannot state as a matter of law either that the appellant was or was not disqualified under § 54-609 (c). The case is accordingly remanded for a proper determination of this issue by the board.

*Judgment reversed with direction. McMurray, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 4, 1982.

*Donald M. Coleman,* for appellant.

*Michael J. Bowers, Attorney General, Marion O. Gordon, Verley J. Spivey, Senior Assistant Attorneys General, Kirby G. Atkinson,*

*Assistant Attorney General,* for appellees.