## 65235. CALDWELL v. AMOCO FABRICS COMPANY et al.

SOGNIER, Judge.

Ophelia Warren's application for unemployment benefits was granted by a claims examiner of the Georgia Department of Labor, Employment Security Agency, affirmed by an administrative hearing officer and the Board of Review, and thereafter reversed upon appeal to the superior court. The trial court found that the factual determinations of the Board of Review were supported by the record and confined its consideration to the question of applying the law to the facts. This court granted a discretionary appeal.

The sole issue raised in this appeal is whether the trial court erred in reversing the Board of Review on the ground that the policy upon which the Labor Department relied in granting the claimant benefits was not adopted or promulgated pursuant to the specific rule-making procedures provided in § 4 of the Georgia Administrative Procedure Act (OCGA § 50-13-4; former Code Ann. § 3A-104).

The policy in issue here was stated as follows in the opinion of the administrative hearing officer: "When a person is discharged because of absenteeism, and the absences were caused by illness of the claimant or a family member, reasonably requiring the presence and attention of the claimant, the claimant would be entitled to benefits without disqualification, unless the claimant has without justification failed to notify the employer or is otherwise at fault." This policy was taken from an unpublished consent order entered in the case of Fantroyal v. Caldwell (S. D. Ga. CV579-28, July 24, 1980, as amended August 25, 1980), and inserted and maintained in all claims manuals as an official guideline after that date. The trial court concluded that the Department of Labor must reconsider the claim without placing any reliance on the Fantroyal policy because it was not adopted in accordance with OCGA § 50-13-4 (Code Ann. § 3A-104). We reverse.

Under the APA the adoption of "[r]ules relating to . . . benefits by the state or of an agency" is expressly exempted by OCGA § 50-13-2 (6) (I) (former Code Ann. § 3A-102 (6) (I)) from the strict rule-making procedural requirements of OCGA § 50-13-4 (Code Ann. § 3A-104). This includes the promulgation of policies determining eligibility for entitlement and rules for granting benefits. See, e.g., *Dix v. State,* 156 Ga. App. 868, 869 (275 SE2d 807) (1981); *Turner v. Harden,* 136 Ga. App. 842 (2) (222 SE2d 621) (1975); *Dept. of Human Resources v. Williams,* 130 Ga. App. 149, 151 (202 SE2d 504) (1973).

Moreover, the Fantroyal guideline neither promulgates nor adopts a new or different policy. "The unmistakable legislative intent

[of the Employment Security Law (OCGA § 34-8-2; former Code Ann. § 54-602)] is plainly spelled out by the legislature itself . . . that intent being to pay unemployment compensation during periods of unemployment to those workers whose unemployment is involuntary and is not the result of their own fault." *Ford Motor Co. v. Abercrombie,* 207 Ga. 464, 467 (62 SE2d 209) (1950). "Unless there is fault (an 'offense') chargeable to the employee there is no disqualification under [OCGA § 34-8-158; former Code Ann. § 54-610]. The Supreme Court so held in [ *Abercrombie,* supra], and there has been nothing to show a different statutory scheme." *Smith v. Caldwell,* 142 Ga. App. 130, 133 (235 SE2d 547) (1977). Accord, *Caldwell v. Amoco Fabrics Co.,* 163 Ga. App. 74 (293 SE2d 57) (1982); *Colbert v. Caldwell,* 144 Ga. App. 220 (240 SE2d 769) (1977).

The policy in question merely specifies that when the employee's absences are caused by the illness of the employee or an immediate family member, the employee is not to be disqualified unless he unjustifiably fails to notify his employer "or is otherwise at fault." This fully comports with the fundamental principles and underlying mandate of the Employment Security Law, that persons who become unemployed through no fault of their own are entitled to receive benefits. Accordingly, the superior court erred in ruling that the claim must be considered without reliance on the Fantroyal rule and remanding the case to the Board of Review. As there was evidence supporting the board's finding, it must be approved. *Caldwell v. Charlton County,* 157 Ga. App. 395 (277 SE2d 764) (1981).

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 8, 1983.

*Michael J. Bowers, Attorney General, Robert S. Stubbs II, Executive Assistant Attorney General, Verley J. Spivey, Senior Assistant Attorney General, John E. Bumgartner, Assistant Attorney General,* for appellant.

*Edward Katze, George B. Smith, Neil H. Wasser, Ophelia W. Warren,* for appellees.

*Gloria A. Einstein, William J. Cobb, John L. Cromartie, Jr.,* amicus curiae.