**Levester GREEN, Petitioner,**

v.

**DISTRICT OF COLUMBIA UNEMPLOY- MENT COMPENSATION BOARD, Respondent.**

**Woodward & Lothrop, Inc., Intervenor.**

**No. 5381.**

District of Columbia Court of Appeals.

Argued Oct. 29, 1970.

Decided Feb. 12, 1971.

Maribeth Halloran, Washington, D. C., for petitioner.

George A. Ross, F. G. Gordon, Jr. and Russell L. Carter, Washington, D. C., were on the brief for respondent.

Timothy J. Bloomfield, Washington, D. C., with whom John J. Ross, Washington, D. C., was on the brief, for intervenor.

Before HOOD, Chief Judge, and KERN and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

This is a petition from a determination of the District of Columbia Unemployment Compensation Board (hereinafter referred to as the Board). The appeals examiner [1] found that petitioner's failure without reasonable excuse to report for duty on June 26, 1969, and his insulting the training representative on June 18, 1969, constituted statutory misconduct [2] and consequently denied him certain unemployment compensation benefits for a period of 5 weeks.

Petitioner, an employee in intervenor's delivery department, contends that these findings are not supported by substantial evidence. We agree that the finding of

13. Nat'l Geographic Society v. District Unemployment Compensation Bd., D.C. Cir., 438 F.2d 154 (decided December 8, 1970).

1. The Board affirmed the appeals examiner's findings.

2. D.C.Code 1967, § 46-310(b).

statutory misconduct predicated on absence without excuse is in error and we remand the case for reconsideration by the Board.

The record indicates that employment terms and conditions were governed by a collective bargaining contract. The contract provided for an unequal 5-day work week of a minimum 37½ hours and a maximum of 40 hours. The company retained the right to designate the employee's particular work schedule. The contract provided time off for sickness, vacation and legal holidays, but no provision was made for time off to take care of personal business. Nevertheless, the company recognized such a need and established procedures to provide for it in its delivery service manual. It stated:

"Regular attendance and promptness are necessary to maintain the services expected from the delivery department. If for any reason you are unable to report to work, notify your supervisor by telephone prior to your reporting time before or after regular store hours. * * *"

Petitioner made the required call stating he would not be in as he had personal business to transact. The supervisors were not available and notice was thus given to another company employee who, in turn, communicated the notice to the supervisors when they returned. Petitioner's leave request was rejected later in the day for lack of specificity. Shortly thereafter, he was discharged.

There is no written company rule or regulation making it mandatory that a leave request be accompanied with a detailed and specific reason. It is evident from the hearing transcript that the company had not consistently required a bill of particulars before deciding to excuse an absence. This was true as to petitioner and others. Indeed, there is evidence in the record that the rule had never been formally announced and, in this context, petitioner's testimony that he had not been required in the past to furnish details is of significance.

Under these circumstances, it cannot be said that the petitioner's failure to specify was so inimical to the employer's interest and of such disregard of known standards of behavior as to constitute the kind of misconduct warranting the administrative action taken. We do not decide whether if such rule were adequately set forth and enforced the failure of petitioner to comply would amount to statutory misconduct for this purpose.[3]

Since the Board predicated misconduct on two grounds, we reverse and remand this case for consideration whether insulting the training representative, standing alone, warrants, in the Board's judgment, the penalty imposed. S.E.C. v. Chenery Corp., 318 U.S. 80, 94–95, 63 S.Ct. 454, 87 L.Ed. 626 (1943).

Reversed and remanded.

3. Hickenbottom v. District of Columbia Unemployment Compensation Bd., D.C.App., 273 A.2d 475 (decided this date).