George R. COLVIN, Petitioner,

v.

## DISTRICT UNEMPLOYMENT COMPENSATION BOARD, Respondent.

### No. 6894.

District of Columbia Court of Appeals,

Argued May 7, 1973.

Decided June 21, 1973.

---

4. Mitchell v. United States, 110 U.S.App. D.C. 322, 328, 293 F.2d 161, 167 (1961).

5. 7 Wigmore on Evidence § 2129 (3d ed. 1940).

Jay Fred Cohen, Baltimore, Md., of the bar of the State of Maryland, *pro hac vice*, by special leave of the court, with whom Samuel Green, Washington, D. C. was on the brief, for petitioner. Nancy A. Thompson, Washington, D. C., also entered an appearance for petitioner.

Russell L. Carter, Washington, D. C., with whom George A. Ross, Washington, D. C. and Bill L. Smith were on the brief, for respondent.

Before REILLY, Chief Judge, and FICKLING and HARRIS, Associate Judges.

REILLY, Chief Judge:

Petitioner challenges an order of the District Unemployment Compensation Board (the Board) denying him unemployment benefits for a period of five weeks because he had been discharged from his previous employment for misconduct. *See* D.C.Code 1967, § 46–310(b); 18 D.C.R.R. 301.2.

From a preliminary determination holding petitioner disqualified from receiving benefits for a period of seven weeks, petitioner noted an appeal. He was afforded a hearing before a referee in Baltimore, Maryland, and an additional hearing was held before an appeals examiner in Washington, prior to which a recording of petitioner's testimony in Baltimore was played to those present. The examiner found that the claimant had been discharged for cause by his employer, but reduced the period of disqualification to five weeks.

The Board affirmed the decision of the appeals examiner, adopting his findings of fact and conclusions of law as its own.

▮▮▮▮▮▮▮▮▮▮▮

Petitioner now seeks review of that decision in this court pursuant to D.C.Code 1972 Supp., §§ 1-1510 and 11-722. *See* Riley v. District of Columbia Unemployment Compensation Board, D.C.App., 278 A.2d 691, 692 n. 2 (1971).

■ Petitioner asserts that he was denied procedural due process in that he was not instructed that the burden of proof was on the party alleging misconduct (the employer), and that in the absence of affirmative proof of such misconduct he was not obliged to offer any testimony, nor would any misconduct be presumed from his failure to testify. We find no procedural error, for according to the record, petitioner was informed by the appeals examiner prior to the hearing in Washington that the burden was on the employer. We also note that petitioner was represented by counsel at both hearings, and that the regulation respecting burden of proof is a matter of public record. *See* 18 D.C.R.R. 301.2(a).

■ Petitioner also contends that it was a denial of due process for his recorded testimony in Baltimore to be disclosed to the parties before the hearing in Washington. It is not entirely clear whether the gravamen of this objection is that the Baltimore testimony was considered at all in reaching the decision, or merely that its incorporation into the record before the latter hearing provided the employer an opportunity to rebut it. In either case, we fail to see how petitioner was prejudiced. The record shows that all present at the second hearing—including petitioner— agreed that the parties should first have an opportunity to hear the Baltimore testimony.

■ Finally, petitioner argues that the evidence was insufficient to support the decision of the Board. We disagree. The Board found—*inter alia*—that petitioner, an outside salesman, despite warnings from his supervisor, had on several occasions cut short his workday to attend to personal affairs without first receiving permission, and that on these occasions he had, without authorization, released two new employees who had been assigned to him to learn his duties, route and customers. After an examination of the transcript, we conclude that there was substantial evidence on which to base these findings. D.C.Code 1967, § 46-311(f). Such findings reveal a breach of petitioner's contractual duty to "devote his entire time, attention, and energies" to his employment and establish misconduct as a matter of law. *See* Hickenbottom v. District of Columbia Unemployment Compensation Board, D.C.App., 273 A.2d 475 (1971).

Affirmed.