Earl HAWKINS, Petitioner,

v.

DISTRICT UNEMPLOYMENT COMPENSATION BOARD, Respondent.

No. 12178.

District of Columbia Court of Appeals.

Submitted Oct. 26, 1977.

Decided Dec. 23, 1977.

Christopher N. Giuliana, Silver Spring, Md., for petitioner.

E. S. Vass, Jr., Richmond, Va., for respondent.

Before KELLY and KERN, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

Petitioner challenges a decision of the District Unemployment Compensation Board (the Board) which disqualified him from unemployment compensation benefits for eight weeks and reduced his total benefit amount by $1184.00 because he was found to have been discharged by his last

employer for misconduct,[1] to wit, failure *personally* to notify the employer by telephone prior to certain absences from work. On appeal, petitioner contends that the Board's decision should be reversed because there was not substantial evidence to support a finding of misconduct. After a review of the entire record, we agree.

The evidence before the Board may be summarized as follows. Petitioner was last employed as a laborer for a construction firm, working on the 3:30 p.m. to 12:30 a.m. shift at an underground portion of the Metro subway project. Immediately after his dismissal from the job on February 1, 1977, he filed a claim for unemployment benefits. His claim was initially denied by the Board's claims deputy on the basis of two items of information: (a) a Board form 170 in which the employer stated that Hawkins was "discharged for cause—missing shifts"; and (b) a Claims Record Card, resulting from a telephone conversation between the claims deputy and a representative of the employer, which states:

> Claimant missed days without calling in. They are as follows: 12–8–76; 1–5–77; 1–7–77; 1–20–77; and 1–28–77. He did not call in on any of those times in January. As these people worked on crews, getting the [job] done depended on the whole crew being there.

Petitioner appealed this denial of benefits to the Board and was sent a Notice of Hearing form which said, in pertinent part:

> All interested parties *must appear in person* and present their evidence and arguments at the hearing . . . . Failure of the Appellant or of an interested party to appear may result in dismissal of the appeal or other unfavorable Decision. [Emphasis added.]

The reverse side of the Notice of Hearing form stated:

> *For all Parties*
> Your attention is called to that part of Title 18, *D.C. Rules and Regulations,* Section 301.2, which provides as follows:
> *Discharge for Misconduct*

> (a) in such cases *the burden of proof shall be upon the party alleging such misconduct* and the same must affirmatively appear from the facts, in the absence of which, a claimant will not be required to offer any testimony thereon and no misconduct will be presumed. In determining whether misconduct exists the Board will take into consideration all such facts, conditions, and circumstances as are relevant to the particular case. [Emphasis added.]

At the appointed time, petitioner appeared pro se before the appeals examiner. His former employer failed to appear at this hearing, and the examiner in his findings of fact concluded that "[t]he employer failed to show good cause for not appearing." The examiner then convened the hearing and questioned claimant about the events leading to his dismissal. Claimant admitted that he had missed five days of work following an illness when the weather was exceptionally cold and that he had not telephoned his employer. In testimony which the examiner credited, claimant testified, however, that "a friend advised his supervisor of his inability to work on the occasions he was absent." Nevertheless, the appeals examiner concluded that claimant's failure *personally* to telephone the employer prior to the specified absences from work failed to comply with the employer's rules concerning notification of absences and was misconduct which "indicate[s] a wanton and wilful disregard of the employer's rules or policies." The examiner concluded that:

> The claimant's contention that a friend informed his supervisor of his inability or intent not to work as scheduled is insufficient to comply with the employer's notification requirement. The claimant alone is responsible for complying with the rules governing his employment. The claimant lacks the authority to delegate that responsibility to a third party.

Subsequently, the Board affirmed the findings and conclusions of its appeals examiner.

---

1. D.C.Code 1973, § 46–310(b).

■ In unemployment cases the burden of proving a claimant's misconduct is on the employer. D.C.Code 1973, § 1–1509(b) (D.C. Administrative Procedure Act); 18 D.C.R.R. § 301.2(a); *Green v. District Unemployment Compensation Board,* D.C.App., 346 A.2d 252, 255 (1975), *citing Simmons v. District Unemployment Compensation Board,* D.C.App., 292 A.2d 797, 800 (1972). Not every act for which an employee may be dismissed from work will provide a basis for disqualification from unemployment compensation benefits because of misconduct. Such disqualifying misconduct must meet a higher standard, for it

> must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. 48 Am.Jur. Social Security, Unemployment Insurance, Etc. § 38 (1943). . . .
> The types of conduct . . . for which the misconduct penalty may be imposed, impute knowledge to the employee that should he proceed he will damage some legitimate interest of the employer for which he could be discharged. [*Hickenbottom v. District of Columbia Unemployment Compensation Board,* D.C.App., 273 A.2d 475, 477–78 (1971).]

■ In addition for an employment rule to be the basis for a disqualification from benefits because of misconduct, the existence of the rule must be made known to the employees, *Green v. District Unemployment Compensation Board, supra* at 255 and it must be consistently enforced. *Woodson v. Unemployment Compensation Board of Review,* 461 Pa. 439, 441–44, 336 A.2d 867, 868–69 (1975).

In the instant case there was no testimony which established a specifically required procedure that was to be followed to notify the employer when an employee was unable to report to work. The appeals examiner found that absent employees were required personally to telephone the job site, yet the record does not prove the existence of a rule requiring the employee to telephone, rather than to provide notice in some other way. Indeed, the record demonstrates if anything, the absence of any specific rule on form of notice. Hawkins testified that one employee had missed almost three weeks of work without giving notice in any form, and the company had raised no objection. Thus, the reviewable record here reveals, at best, ambiguity concerning the existence of a notification rule and inconsistency of enforcement. Moreover, there was no evidence to establish the fact that the employer did not receive the message from Hawkins' fellow employee and therefore was in fact without actual notice of his pending absence.[2]

■ We are required to set aside the Board's holdings if they are not supported by substantial evidence in the record. D.C. Code 1973, § 1–1510(3)(E); *Washington Post Co. v. District Unemployment Compensation Board,* D.C.App., 379 A.2d 694 at 696 (1977); *Green v. District Unemployment Compensation Board, supra* at 255; *Wallace v. District Unemployment Compensation Board,* D.C.App., 294 A.2d 177, 178–79 (1972).

■ The record before us fails by competent proof to show misconduct. We therefore reverse the Board's determination and remand the case with directions to pay petitioner the full benefits to which his unemployment entitled him.

Because we conclude that the agency's decision was not supported by substantial evidence, we need not determine the procedural objections raised by petitioner to the

---

2. The appeals examiner's conclusion that claimant could not delegate to a third party his responsibility concerning notification is erroneous. *See Green v. District Unemployment Compensation Board,* D.C.App., 273 A.2d 479, 480 (1971).

Board's decision: (a) that he was entitled, upon a default concept, to a favorable ruling on the misconduct issue when the employer, who bore the burden of proving misconduct failed to appear at the hearing before the appeals examiner; and (b) that under 18 D.C.R.R. § 301.2(a) the appeals examiner may *not* require the claimant to testify and hence his statements during the hearing should not have been considered by the appeals examiner in determining the misconduct issue.

■ We do comment, however, as an aid to the Board in future cases on our reservations concerning whether an employer's untested statements by telephone to the claims deputy may be used to satisfy the employer's affirmative burden of proof concerning misconduct.[3] In an analogous case, which involved a claimant's assertions rather than those of an employer, but which is applicable to this case, this court refused to uphold the crediting of "a series of unsworn, self-serving statements made . . . not at the hearing, but filed in writing prior to receiving notice of hearing." The court continued:

> Plainly, such documents were not "evidence" at all within the contemplation of the D.C. APA, which accords every party to an agency hearing a right "to conduct such cross-examination as may be required for a full and true disclosure of the facts" [*citing* D.C.Code 1973, § 1–1509(b)]. It is well settled that unless the persons who supply the answers to questionnaires are available for cross-examination by the adverse party, such documents do not meet the requirements of "reliable, probative, and substantial evidence" . . . . [*General Railway Signal Co. v. District Unemployment Compensation Board,* D.C.App., 354 A.2d 529, 532 (1976), *citing Wirtz v. Baldor Electric Co.,* 119 U.S.App.D.C. 122, 133, 337 F.2d 518, 522 (1964).]

■ Unemployment benefits " 'are a matter of statutory entitlement for persons qualified to receive them,' and, therefore, are interests, like welfare benefits and wages, which are protected by the procedural due process requirements of the Fourteenth Amendment." *Graves v. Meystrik,* 425 F.Supp. 40, 47 (E.D.Mo.1977), *citing Goldberg v. Kelly,* 397 U.S. 254, 262, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). It is well established that an adversary hearing is required for District Unemployment Compensation Board cases. D.C.Code 1973, § 1–1509; *Woodridge Nursery School v. Jessup,* D.C.App., 269 A.2d 199, 201 (1970). The statute provides that each party shall have the right to present evidence, to explain or rebut the evidence against him, and to confront and cross-examine his opponent. D.C.Code 1973, § 1–1509(b). *See Woodward & Lothrop, Inc. v. District Unemployment Compensation Board,* 129 U.S.App.D.C. 155, 159, 392 F.2d 479, 483 (1968). *See also Dietrich v. District of Columbia Board of Zoning Adjustment,* D.C.App., 293 A.2d 470, 474 (1972). Here, the appeals examiner gave full consideration to the employer's unsworn comments and thereby deprived the petitioner of the right to cross-examine on the issues of company rules and misconduct.

*Reversed and remanded.*

---

3. This case is distinguishable from *Colvin v. District Unemployment Comp. Bd.,* D.C.App., 306 A.2d 662 (1973). Petitioner there had adequate *notice concerning the employer's respon*sibility in proving misconduct and his own right to refuse to testify on the issue of misconduct, for the record revealed that the appeals examiner prior to the hearing informed the claimant that the burden of proof as to the misconduct *was* on the employer, and the petitioner was represented by counsel.