Howells, Ancillary Admr., Appellee, *v.* Limbeck, Appellee; Baughman et al., Appellants.*

(No. 1183—Decided July 13, 1960.)

*Mr. Jonah Howells, Jr.,* for appellee Jonah Howells, Jr., ancillary administrator.

*Mr. George Barnard* and *Mr. Cecil D. Curry,* for appellee George G. Limbeck.

*Messrs. Sickafoose, Creighton & Menster,* for appellants.

*Judgment affirmed, 172 Ohio St., 297.

STEVENS, J. In the Probate Court of Wayne County, Ohio, plaintiff brought an action as ancillary administrator of the estate of George W. Limbeck, deceased, against George G. Limbeck and others to determine the heirs at law of plaintiff's decedent, to whom property located in Ohio should pass under the laws of descent and distribution of Ohio.

To the petition of plaintiff, George G. Limbeck filed his amended answer, in which he alleged:

A. That he was, and has been since July 29, 1950, the legitimate son of George W. Limbeck, deceased.

B. That as such legitimate son he is the sole and only heir at law of George W. Limbeck, deceased.

C. That George G. Limbeck is now, and has been, a bona fide and continuous resident of Florida since 1946.

D. That George W. Limbeck, at the time of his death, on March 13, 1957, was a bona fide resident of Dade County, Florida, and had been since April 26, 1949.

The matter was submitted to the Probate Court of Wayne County, Ohio, upon an agreed statement of facts, which has been filed in the case, and upon no other evidence, except the several exhibits which were attached to the agreed statement of facts, to the admission of which appellants objected because they were not relevant or material.

The Probate Court, by journal entry, overruled appellant's objections to the introduction of exhibits "A," "B," "C," "D," "D-1," "E," "F," and "G."

As its conclusions of fact, the court found the following:

(A) That George W. Limbeck died on March 13, 1957, domiciled in Miami, Dade County, Florida.

(B) That George G. Limbeck was appointed domiciliary administrator of the estate of George W. Limbeck on April 30, 1957, in Dade County, Florida.

(C) That the Circuit Court of the Eleventh Judicial Circuit of Florida, sitting in chancery in case No. 58C-11071-E, found, by final decree, that George G. Limbeck was, and is, since July 29, 1950, the legitimate son of George W. Limbeck, deceased.

(D) That George G. Limbeck, as a legitimate son of the decedent, is the sole heir at law of George W. Limbeck, deceased, by judicial decree in the state of Florida.

As its conclusion of law the court determined:

That George G. Limbeck is the sole heir at law of George W. Limbeck, deceased, as to all Ohio property, and ordered distribution thereof to be made to him.

From that judgment, appeal has been prosecuted to this court on questions of law.

Two assignments of error are presented by appellants:

1. The trial court erred in admitting the exhibits offered by defendant George G. Limbeck—namely, exhibits A, D, D-1, E, F and G.

2. The judgment and decree of the court is contrary to law, and the court erred in overruling appellants' motion for a new trial.

As to appellants' first assignment of error, Section 2129.18, Revised Code, Determination of Heirship, provides:

"Whenever property of a nonresident decedent as to whose estate ancillary administration proceedings are being had in Ohio passes by the laws of intestate succession or under a will to a beneficiary not named therein, proceedings may be had to determine the persons entitled to such property in the same manner as in the estates of resident decedents under Sections 2123.01 to 2123.07, inclusive, of the Revised Code. The ancillary administrator shall file a certified copy of such finding in the Probate Court in every county in Ohio in which real estate of the decedent is located. Such administrator shall procure and file in the court for the information of the court a certified copy of any determination of heirship relative to such decedent's estate made in the state of the domiciliary administration."

The last sentence of the above-quoted section places upon the ancillary administrator the mandatory duty to procure and file in the court in which the ancillary administration is being had, "for the information of the court a certified copy of any determination of heirship relative to such decedent's estate made in the state of the domiciliary administration."

The case of *Barrett, Admr., v. Delmore*, 143 Ohio St., 203, states in paragraphs one and two of the syllabus:

"1. The status or condition of any person, with its inherent capacity of succession or inheritance, is to be ascertained by the law of the domicile which creates the status.

"2. Generally, the status of adoption, created by the law of a state having jurisdiction to create it, will be given the same effect in another state as is given by the latter state to the status of adoption when created by its own law."

The same rules of law as above set forth, having to do with the status of adoption, apply equally to the status of legitimacy. 9 Ohio Jurisprudence (2d), Conflict of Laws, Section 94.

If the evidence offered by defendant, George G. Limbeck, to the Probate Court of Wayne County, in the form of certified copies of court documents, was relevant and material to any of the issues presented in the proceeding therein, then such evidence was properly admissible.

Relevant evidence was defined (quoting Jeremy Bentham) in *Barnett* v. *State*, 104 Ohio St., 298, at page 306, as:

"Any matter of fact, the effect, tendency, or design of which, when presented to the mind, is to produce a persuasion concerning the existence of some other matter of fact—a persuasion either affirmative or disaffirmative of its existence."

In 21 Ohio Jurisprudence (2d), Evidence, Section 175, at page 188, the following appears:

"Testimony that has a legitimate bearing on an issue, and which tends, within the rules of law, to influence the court or jury in deciding that issue, is material."

Let us test the several exhibits, attached to the agreed statement of facts, in the light of the above definitions of "relevancy" and "materiality."

Exhibits A, B and C are, respectively, A, the copy of the petition for letters of administration, filed by George G. Limbeck in the County Judges Court in and for Dade County, Florida, on the estate of George W. Limbeck, deceased; B, the copy of the order appointing George G. Limbeck administrator of the estate of George W. Limbeck, deceased; and C, the copy of the letters of administration issued by said court to George G. Limbeck, administrator, upon the estate of George W. Limbeck, deceased.

These exhibits were clearly admissible to establish the domicile of the decedent, the appointment of the domiciliary administrator, and to establish a basis for the ancillary administion in Wayne County, Ohio.

Exhibits D, D-1 and E were admissible as furnishing the basis for the declaratory judgment shown by exhibit G, which latter judgment was founded upon the provisions of Section 731.29 of "Florida Statutes Annotated," which section states:

"Every illegitimate child is an heir of his mother, and also the person who, in writing, signed in the presence of a competent witness, acknowledges himself to be the father; such illegitimate child shall inherit from his mother and also, when so recognized, from his father in the same manner as if the child had been born in lawful wedlock. * * *"

We find no error in the admission of any of the exhibits admitted by the Probate Court. They were all admissible, under Section 2129.18, Revised Code, *supra*.

Apropos appellants' second assignment of error, that the judgment is contrary to law, there are presented two questions:

1. Was George G. Limbeck, a child born out of wedlock, legitimated by his father under the laws of Florida, that being the domicile of the decedent, at the time of the proceeding to correct the birth record of George G. Limbeck in the Probate Court of Wayne County?

2. Of what authority are the judgments of the Florida courts in the Ohio Probate Court?

In 73 A. L. R., 956, annotation c, appears the following:

"As a general rule, where the ground for the acquisition of the status of legitimacy is * * * the act of the father in acknowledging the child as his own, the question whether such act will have the effect of legitimating the child will be determined by the law of the domicile of the father at the time of the performance of the act, to the exclusion of any other law."

See also: *Barrett, Admr., v. Delmore*, 143 Ohio St., 203, *supra*.

By an affidavit filed in the Probate Court of Wayne County, Ohio, George W. Limbeck, on July 29, 1950, in writing, acknowledged that he was the father of George G. Limbeck, in the presence of a competent witness. Such acknowledgment, where established, was sufficient under the laws of Florida (Section 731.29, Florida Statutes Annotated) to clothe such child with the legal right to inherit from his father "in the same manner as if the child had been born in lawful wedlock."

The declaratory judgment, shown as exhibit G attached to

the agreed statement of facts, merely declared a status which had existed from July 29, 1950, as a matter of Florida law, the acknowledgment in writing of paternity, signed in the presence of a competent witness, by George W. Limbeck, being undisputed.

Accordingly, that status existing by operation of law, there was no necessity, as asserted by appellants, for any other defendants to be made parties to the declaratory judgment action, because, under Florida's statute of descent and distribution, the legitimate son of George W. Limbeck inherited his entire estate, as Circuit Judge Giblen, in his final declaratory decree, found.

Section 1, Article IV of the Constitution of the United States, provides:

"Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state."

In 9 Ohio Jurisprudence (2d), Conflict of Laws, Section 22, it is stated:

"Under the full faith and credit clause of the Constitution of the United States, judgments rendered by courts of record of sister states, * * * with jurisdiction of the subject matter and of the person, are, even if irregular or erroneous, until set aside or reversed according to the regulations of the jurisdiction where rendered, final, binding, and conclusive in Ohio upon the merits of the controversy therein adjudicated, against the parties to the record of the prior adjudication, and those claiming under or through them. * * *"

The declaratory judgment of the Circuit Court of Florida, under the foregoing authority, was conclusive in the Probate Court of Wayne County, Ohio, upon the question of the status of George G. Limbeck, as the legitimate son of the decedent, and upon his right to inherit as the sole heir of said decedent.

We find no error prejudicial to the substantial rights of the appellants, and accordingly the judgment of the Probate Court of Wayne County, Ohio, must be affirmed.

*Judgment affirmed.*

DOYLE, P. J., and HUNSICKER, J., concur.