40983. MILLEN v. CALDWELL et al.
(317 SE2d 818)

MARSHALL, Presiding Justice.

In her job as a housekeeper for Holiday Inn, the appellant, Gwendolyn A. Millen, was required to wear a uniform. All but one of the three uniforms her employer had supplied her with had gotten so ragged that her supervisor would not let her wear them. Since she had no dryer at home, it became her practice to wash her one usable uniform at home and dry it in the commercial dryer that the employer maintained for drying the hotel's sheets. There was evidence, though

contradicted, that her supervisor knew of this practice, had not objected to it, had even given her express permission to do it, and had even done it herself; that a number of co-workers had the same practice, although there is nothing in the record to indicate that this was with the supervisor's knowledge; and that the employer had no written or unwritten rule against this practice, and had not told the appellant, or led her to believe, that she could not continue the practice or that she might be fired for doing it.

On the day the appellant was fired, her supervisor refused her permission to use the commercial dryer, and told her that she would have to use the coin-operated hotel guest dryers. (The appellant testified before the administrative hearing officer that her supervisor used the company dryers for her personal laundry on that same day; however, this was not admitted by the supervisor.) When the appellant told her supervisor that she had no money with which to operate the coin-operated dryers, the evidence showed either that she was told that she would have to go home because she had no dry uniform in which to work, or that she went home of her own volition. (The supervisor testified before the administrative hearing officer that when the appellant explained that she could not use the guest dryers because she had no money, the supervisor offered to lend her money; however, this was denied by the appellant.) When the appellant telephoned her supervisor later in the day to ask about reporting for work the following day, she was told that she was fired.

The Board of Review of the Employment Security Agency, of the Georgia Department of Labor, denied the appellant unemployment benefits, based upon OCGA § 34-8-158 (2): "failure to obey orders, rules or instructions or . . . failure to discharge the duties for which . . . employed." Appellee-Commissioner of Labor, Sam Caldwell, expressly based the penalty imposed solely on the appellant's having reported to work without a serviceable uniform. The superior court affirmed the Department of Labor, and the Court of Appeals denied the appellant's application for discretionary appeal. We granted the writ of certiorari. We reverse. *Held*:

Georgia, like the other states of the Union, has a strong public policy favoring payment of unemployment benefits to persons unemployed through no *fault* of their own. OCGA § 34-8-2. The burden is on the employer urging the disqualification for benefits to show by a preponderance of evidence that the applicant for compensation comes within the exception. *Dalton Brick &c. Co. v. Huiet*, 102 Ga. App. 221 (2) (115 SE2d 748) (1960); OCGA § 34-8-158 (2). "Fault" means more than mere failure to perform one's work duties. Thus, an employee who does not perform her work assignment adequately because she is *unable* to do so (i.e., not through fault or conscious neglect) cannot be penalized under OCGA § 34-8-158 (2). *Smith v. Caldwell*, 142 Ga.

App. 130, 133 (3) (235 SE2d 547) (1977) and cit. Accord *Caldwell v. Amoco Fabrics Co.*, 165 Ga. App. 674 (302 SE2d 596) (1983) and cits.

If a fired employee may not be denied benefits because he or she was unable to comply with *known* work requirements, then a fortiori, benefits should not be denied to an employee who has been fired for failure to comply with *unknown* work requirements, or requirements which could not have been reasonably anticipated. In the latter situation, not only is the employee not at fault, but also the employer is at least somewhat at fault in the employee's firing. By simply promulgating or communicating, and uniformly enforcing, any reasonable work rule, an employer can readily avoid two untoward consequences: throwing the employee out of work, and being liable for his or her unemployment benefits. If the employee refuses to comply with a specific, equitably applied and reasonable rule, then the employer may fire him or her for misconduct and be confident that no unemployment compensation benefits under OCGA § 34-8-158 (2) will be paid. If an employer nevertheless wishes to be arbitrary about such matters, Georgia law allows it nearly free rein as far as the firing is concerned, but not as far as payment of unemployment compensation benefits to the ex-employee is concerned.

Although this is a case of apparent first impression in Georgia, the courts of many other states have required that the misconduct be deliberate, willing, knowing, and that the rule has been uniformly enforced. See, e.g., Butler v. J. P. Stevens & Co., 299 SE2d 672, 675 (N. C. App. 1983); Barnett v. Review Bd. of the Indiana Employment Security Div., 419 NE2d 249 (Ind. App. 1981); Hodges v. Everett, 617 SW2d 29, 31 (Ark. App. 1981); Matter of Cantrell, 263 SE2d 1 (N. C. App. 1980); Eastex Packaging Co. v. Dept. of Industry, Labor &c. Relations, 279 NW2d 248 (Wisc. 1979); Kuntz v. Review Bd. of the Indiana Employment Security Div., 389 NE2d 342 (Ind. App. 1979); Smith v. Director of the Div. of Employment Security, 382 NE2d 199 (Mass. 1978); Hawkins v. District Unemployment Comp. Bd., 381 A2d 619, 622 (D. C. App. 1977); Wroble v. Bonners Ferry Ranger Station, 556 P2d 859 (Idaho 1976); Green v. District Unemployment Comp. Bd., 346 A2d 252 (D. C. App. 1975); La. Hosp. Service v. Bookter, 317 S2d 282 (La. App. 1975); Woodson v. Unemployment Comp. Bd. of Review, 336 A2d 867 (Pa. 1975); Green v. Dist. of Columbia Unemployment Comp. Bd., 273 A2d 479 (D. C. App. 1971); Earp v. Fla. Dept. of Commerce, Industrial Relations Comm., 241 S2d 422 (Fla. App. 1970); Industrial Laundry v. Review Bd. of the Ind. Employment Security Div., 258 NE2d 160, 163 (Ind. App. 1970).

Although no Georgia appellate court has considered the rule we hereby adopt, several lower tribunals have decided cases consistently with this rule. E.g., *Orsini v. South Metro Children's Center*, Ga. Dept. of Labor Appeals Tribunal, decision of Administrative Hearing

Officer, docket No. AT-8878 (1980); *Stargent v. Ansley Pavilion*, Ga. Dept. of Labor Appeals Tribunal, decision of Administrative Hearing Officer, docket No. AT-474-80 (1980); *Sanders v. City of Atlanta*, Ga. Dept. of Labor Appeals Tribunal, decision of Appeals Referee, docket No. AT-2703-79 (1979). In *Peeples v. Caldwell*, Fulton County Superior Court case No. C-6003 (1976), Judge (now Justice) Weltner ruled: "a fault which is of a disqualifying nature cannot be a technical failing, a minor aberration, or the want of mere punctilio. Rather, a breach of duty, to constitute 'fault,' must be substantial, *and such that sanction is reasonably expectable under all the circumstances* of employment — (to include length of tenure, nature of duties, *prior warnings, and any and all other factors which might cast light upon reasonable expectations)*." (Emphases supplied.)

In a consent order in a federal case, appellee Caldwell and his agency bound themselves to apply the following provision: "A claimant shall not be disqualified for violation of an employer's rule unless the claimant knew of the rule, either having been made aware thereof by the employer or through common knowledge. Consistency of prior enforcement shall be taken into account as to the efficacy or existence of the rule." Fantroyal v. Caldwell, Civil Action No. CV 579-28 (S. D. Ga., Waycross Div. 1980). The Department may not now be heard to argue for any different rule, under the principle of res judicata; the appellant is a member of the *Fantroyal* class (order at p. 2), and the order applies to her case (order at p. 5, Item 2).

The fundamental rule applicable to claims for unemployment compensation is that the claimant shall be entitled to compensation unless the employer proves, by a preponderance of the evidence, that the discharge or suspension for which compensation is sought, was caused by deliberate, conscious fault of the claimant, as provided by statute as construed by judicial decisions.

The undisputed evidence in this case shows that the appellant was fired from her job with Holiday Inn for exactly the same conduct that she had engaged in many times in the past, i.e., coming to work with a freshly washed but wet uniform, intending to dry it in the company machine before starting work. Not only had both the appellant and other housekeeping employees done this regularly in the past without protest by the employer, but also on the one occasion when the appellant had asked her supervisor's permission to do so, the supervisor admitted that she had granted that permission. There was no evidence of a written rule against this conduct, nor any evidence that any unwritten policy that the supervisor may have thought existed on the subject was properly communicated to the employees, or consistently enforced (if it had ever been enforced at all).

The burden was on the employer to prove fault on the part of the claimant which would disqualify her. Since the case was apparently

heard and decided strictly on the issue of whether the appellant had reported to work without a serviceable uniform, without consideration of her evidence in explanation of reasons for failure to report properly attired, it is impossible for this court to hold as a matter of law that the employer failed to carry its burden of proving facts which would constitute grounds for denial of unemployment compensation under the standard hereinabove set forth. Accordingly, the case is remanded to the superior court with direction that the case be remanded to the Georgia Department of Labor for the purpose of hearing evidence pertaining to the issue of whether — from all the circumstances of the case and the application of the standard herein stated — the appellant-former employee is entitled to unemployment benefits.

*Judgment reversed and remanded with direction. All the Justices concur.*

DECIDED JUNE 29, 1984.

*Kenneth G. Levin*, for appellant.

*Michael J. Bowers, Attorney General, Susan L. Rutherford*, for appellees.