### 69609. ROBERSON v. TANNER et al.
(329 SE2d 210)

DEEN, Presiding Judge.

The appellant, Tony Roberson, lived in Atlanta, Georgia, when he was hired by Bickerstaff Clay Products Company (Bickerstaff) in Smyrna, Georgia. At the time of his hiring, Roberson was told that he would have to provide his own transportation to get to the job. He began working for Bickerstaff on May 10, 1983, and continued to work through the following two days. On his way home from work on May 12, 1983, Roberson was involved in an automobile collision, which was the fault of the driver of the other vehicle, and his automobile was rendered undriveable.

The next morning Roberson informed Bickerstaff that he was going to have trouble getting to work. He made considerable but unavailing efforts to arrange suitable transportation. (Public transportation did not serve the location of the employer.) Roberson also asked Bickerstaff whether it would be possible to share a ride with another employee who lived near him or near a location served by public

transportation, but the employer knew of no such employee. On Roberson's third day of absence, Bickerstaff advised him that the job could not be held open any longer; Roberson could not convince the employer to wait until his insurer repaired or replaced his automobile.

Roberson's application for unemployment compensation benefits was denied on the ground that he was disqualified by virtue of his having quit his job without justification. On administrative appeal, the hearing officer found that Roberson had instead been discharged; nevertheless, the hearing officer found that the discharge required disqualification from benefits for a period of five weeks. In the hearing officer's words: "The claimant, like all employees, has the responsibility of arranging his own transportation to and from the job. The claimant's failure to arrange this [transportation] must be considered his own fault, and the employer cannot be faulted for not holding the job open after he had been absent three of four days."

On appeal to the Board of Review of the Employment Security Agency, the hearing officer's ruling was affirmed by a vote of 2 to 1, and the superior court affirmed the decision of the board of review. This discretionary appeal followed. *Held*:

OCGA § 34-8-158 (2) provides that an individual shall be disqualified for unemployment compensation for not less than 4 weeks and not more than 11 weeks if "he has been discharged or suspended from work with his most recent employer for failure to obey orders, rules, or instructions or for failure to discharge the duties for which he was employed." Unless there is "fault" chargeable to the employee, disqualification is inappropriate. *Smith v. Caldwell*, 142 Ga. App. 130 (235 SE2d 547); *Millen v. Caldwell*, 253 Ga. 112 (317 SE2d 818) (1984).

Absent a duty placed upon an employer by custom or contract, an employee has the burden or responsibility of providing himself with transportation to work. *Huiet v. Wallace*, 108 Ga. App. 208, 211 (132 SE2d 523) (1963). In *Huiet v. Wallace*, although acknowledging the public policy favoring payment of unemployment benefits to persons unemployed through no fault of their own, this court found fault with the claimant, whose unemployment continued because of her lack of transportation. "Even though the inability to secure transportation may not be the 'fault' of the claimant, there is 'fault' attributable to her when she is unable to carry the burden of providing herself with transportation." Id. at 213.

In the instant case, while it was uncontroverted that the automobile accident resulting in the employee's loss of his usual mode of transportation was not his fault, the fact remains that he still had the responsibility of providing his own transportation to and from work. Since, perhaps save for providential cause, under *Huiet v. Wallace*, an employee who cannot meet this responsibility is at fault, the pen-

alty was properly applied in this case.

To hold otherwise would obliterate the burden or responsibility assumed by an employee of getting to his place of employment. To embrace and extend in this case the notion and concept of nobody's at fault, similar to what has developed with no-fault insurance, no-fault divorce, and the idea that nobody is to blame in education problem-solving, would be an extravagant intrusion into traditional master-servant relations that should only be done by legislative pronouncement and not by judicial fiat.

Nothing in *Millen v. Caldwell,* supra, requires an opposite result. That case defined fault as more than mere failure to perform one's work duties, and emphasized that "an employee who does not perform [his] work assignment adequately because [he] is *unable* to do so (i.e., not through fault or conscious neglect) cannot be penalized under OCGA § 34-8-158 (2)." Id. at 113. As discussed above, the employee was at fault in the instant case.

*Judgment affirmed. Banke, C. J., Birdsong, P. J., Sognier, Pope, and Beasley, JJ., concur. Carley, J., concurs in the judgment only. McMurray, P. J., and Benham, J., dissent.*

McMURRAY Presiding Judge, dissenting.

I respectfully dissent from the decision reached by the majority. In determining whether a claimant is disqualified under OCGA § 34-8-158, consideration must be given to the legislative directive that unemployment funds are to be used for persons who become unemployed through no fault of their own. *Ford Motor Co. v. Abercrombie,* 207 Ga. 464 (62 SE2d 209). Unless there is "fault" chargeable to the employee, there can be no disqualification from benefits. *Smith v. Caldwell,* 142 Ga. App. 130, 131 (3) (235 SE2d 547); *Colbert v. Caldwell,* 144 Ga. App. 220 (240 SE2d 769). "Georgia, like the other states of the Union, has a strong public policy favoring payment of unemployment benefits to persons unemployed through no *fault* of their own. OCGA § 34-8-2. The burden is on the employer urging the disqualification for benefits to show by a preponderance of evidence that the applicant for compensation comes within the exception. *Dalton Brick &c. Co. v. Huiet,* 102 Ga. App. 221 (2) (115 SE2d 748) (1960); OCGA § 34-8-158 (2). 'Fault' means more than mere failure to perform one's work duties. Thus, an employee who does not perform [his] work assignment adequately because [he] is *unable* to do so (i.e., not through fault or conscious neglect) cannot be penalized under OCGA § 34-8-158 (2). [Cits.]" *Millen v. Caldwell,* 253 Ga. 112, 113 (317 SE2d 818).

In *Colbert v. Caldwell,* 144 Ga. App. 220, supra, an employee was discharged because she failed to procure evidence of her high school graduation. The employer was required by a client to provide such

evidence concerning its employees. The employee was unable to procure her diploma before the deadline because the diploma had not been printed in time. Thus, it was held that the employee's failure to procure the diploma "was caused, not by her fault, but by circumstances and persons beyond her control." *Colbert v. Caldwell*, 144 Ga. App. 220, 221, supra. Compare *Carter v. Caldwell*, 151 Ga. App. 687 (261 SE2d 431), in which the employee was dismissed for failure to be present at work due to his incarceration following conviction of a crime.

Here, the evidence demonstrates that the only reason for claimant's termination was his inability to report to work following an automobile collision in which the other driver was at fault. Claimant's testimony that he took all reasonable steps within his means to arrange for transportation was not disputed by the employer. Because the uncontradicted evidence demonstrates that the claimant's inability to work was caused by circumstances and persons beyond his control, it must be said that claimant became unemployed through no fault of his own. Thus, claimant cannot be disqualified from receiving benefits. *Smith v. Caldwell*, 142 Ga. App. 130, supra.

In my opinion, the majority's reliance upon *Huiet v. Wallace*, 108 Ga. App. 208 (132 SE2d 523), is misplaced. In that case, the court was concerned with the question of "availability for work" or "eligibility" under OCGA § 34-8-151 (formerly Code Ann. § 54-609). *Huiet v. Wallace*, 108 Ga. App. 208, 210, supra. In the case sub judice, on the other hand, we are concerned with the question of "disqualification" under OCGA § 34-8-158 (formerly Code Ann. § 54-610). Although a finding of "fault" must be made in a "disqualification" case, no such finding need be made to deny benefits in an "availability" case. "Even conditions beyond claimant's control may affect his availability. Thus, where there is no suitable work for claimant in the locality in which he lives, and he cannot reach his usual labor market area because of his inability to obtain transportation, he may properly be considered to be *unavailable* for work." Freeman, Able to Work & Available for Work, 55 Yale L. J. 123, 131 (1945). (Emphasis supplied.) The mere inability to obtain transportation should not, on the other hand, render a claimant disqualified. See *Millen v. Caldwell*, 253 Ga. 112, supra; *Smith v. Caldwell*, 142 Ga. App. 130, supra. Compare *Raytheon Co. v. Director, Div., Employment Security*, 307 NE2d 330 (Mass. 1974) with *Keough v. Dir., Div., Employment Security*, 344 NE2d 894 (Mass. 1976).

In my view the superior court erred in affirming the decision of the Board of Review.

I am authorized to state that Judge Benham joins in this dissent.

132

DECIDED MARCH 5, 1985 —
REHEARING DENIED MARCH 22, 1985 — 

*Kenneth G. Levin, Hugh H. Lowery*, for appellant.

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Susan L. Rutherford, Staff Assistant Attorney General, Rita J. Llop, James E. Humes II*, for appellees.