77916. TANNER et al. v. GOLDEN.
77917. TANNER et al. v. NELSON.
(377 SE2d 875)

DEEN, Presiding Judge.

In August 1987, Rena Golden and Martha Nelson were both terminated from their positions as school teachers by the Muscogee County School District for their inability to pass the Teacher Certification Test (TCT) required under the Quality Basic Education Act. Golden had been employed for 7 years as a speech therapist, and took

and failed the TCT 5 times between May 1986 and August 1987. Nelson had been employed for over 10 years as a special education teacher, and took and failed the TCT 3 times during the same period; she finally passed the test in December 1987 and was rehired by the school district. Neither Golden nor Nelson used staff development services made available to assist teachers in preparing for the test, but both did use various study aids and materials available.

Both Golden and Nelson were awarded unemployment compensation benefits by the initial claims examiner with the Department of Labor, but following an administrative appeal by the school district benefits were denied. In both cases, however, the superior court reversed the Board of Review of the Department of Labor and found Golden and Nelson entitled to benefits. This court then granted these discretionary appeals, consolidated because both involve the identical issue of whether failure of the TCT could constitute valid cause for disqualification of unemployment compensation benefits. *Held*:

Under OCGA § 34-8-158 (2), an individual may be disqualified for unemployment compensation benefits where the individual has been discharged "for failure to obey orders, rules, or instructions or for failure to discharge the duties for which he was employed . . ." Before such disqualification is appropriate, the employer must show that the discharge was caused by the deliberate, conscious fault of the claimant. *Millen v. Caldwell*, 253 Ga. 112 (317 SE2d 818) (1984); *Roberson v. Tanner*, 174 Ga. App. 128 (329 SE2d 210) (1985). In both cases here, the appellant contends that Golden's and Nelson's failure of the TCT, which barred their employment as school teachers, must be regarded as the deliberate and conscious fault of the claimants, because they did not take the TCT all of the times the test was offered before the termination of their employment and because they did not participate in certain staff development services available to assist teachers in preparing for the test. However, where it is undisputed that each claimant did take the test several times and utilized other study aids, the only possible conclusion is that the claimants' efforts to pass the TCT were bona fide. Under these circumstances, their failure of the TCT would not constitute the conscious, deliberate fault necessary to disqualify them for unemployment compensation benefits.

*Judgments affirmed. Sognier, J., concurs. Carley, C. J., concurs specially.*

CARLEY, Chief Judge, concurring specially.

I am constrained to concur in the majority opinion affirming the superior court's determination that, on the basis of the records in these cases, the appellees were entitled to unemployment benefits. However, in my opinion, the only reason that the application of the

"any evidence" rule does not require the reversal of the superior court's decision in this case is that there were *no rules or regulations* adopted by the school district requiring that a teacher take the exam every time or mandating that a teacher participate in specified study programs. "By simply promulgating or communicating, and uniformly enforcing, any reasonable work rule, an employer can readily avoid two untoward consequences: throwing the employee out of work, and being liable for his or her unemployment benefits. If the employee refuses to comply with a specific, equitably applied and reasonable rule, then the employer may fire him or her for misconduct and be confident that no unemployment compensation benefits under OCGA § 34-8-158 (2) will be paid." *Millen v. Caldwell*, 253 Ga. 112, 114 (317 SE2d 818) (1984). I must opine that had there been such a rule or regulation in this case, and had the evidence shown deliberate conscious disregard of such rule, the application of the any evidence rule would have precluded the superior court from disturbing the administrative determination.

DECIDED JANUARY 3, 1989 —
REHEARING DENIED JANUARY 23, 1989 — 

*Hatcher, Stubbs, Land, Hollis & Rothschild, James E. Humes II, Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Wayne P. Yancey, Senior Assistant Attorney General, Annette M. Cowart, Assistant Attorney General,* for appellants.

*Milton D. Jones,* for appellee (case no. 77916).

*Hirsch, Beil & Partin, John P. Partin,* for appellee (case no. 77917).