A93A1345. GLOVER v. SCOTT et al.
(435 SE2d 250)

BIRDSONG, Presiding Judge.

We granted this discretionary appeal to determine whether the superior court erred in affirming a denial of unemployment compensation benefits to Frances Glover.

The Board of Review of the Employment Security Agency found as fact that while working at the National Uniform Service, during three months Glover had been tardy eleven times and left early twice. She was given verbal and written warnings, and on September 19, 1991, she was given a final warning that if she was tardy or absent again within that month she would be terminated. On September 19, Glover found out that her son had to appear at a juvenile court hearing on September 23, 1991. On September 20, she informed her manager that she would have to go to court and she was reminded of her warning and told to make the decision for herself. On September 23, Glover left work to attend the hearing and was gone for two hours. When she returned, she was terminated.

The hearing officer found that Glover's absence on this last occasion was due to circumstances beyond her control, and also found that as a parent she had to appear with her son at juvenile court.

Nevertheless, the officer found Glover had sufficient previous attendance problems to justify the termination. The board adopted this finding with one dissent; this was affirmed by the superior court under the "any evidence" rule. *Travelers Ins. Co. v. Reed*, 151 Ga. App. 861 (261 SE2d 770). *Held:*

The evidence shows without dispute that Glover was not terminated because of previous work attendance problems. She was given a warning after those infractions, but not fired. Glover was terminated because of her two-hour absence on September 23, 1991, during which she attended the juvenile court proceedings as a party. See *D. C. A. v. State of Ga.*, 135 Ga. App. 234 (217 SE2d 470); OCGA §§ 15-11-25 (3); 15-11-21 (c) (4), and 15-11-26 (b); and see OCGA § 15-11-28 (c).

The fact that Glover had other attendance infractions and had been warned does not constitute evidence in the facts of this case that she was terminated for those other infractions, for it is undisputed that she was not terminated because of those other infractions. She was terminated only after, and because, she was absent from work for two hours on September 23, 1991, to attend juvenile court proceedings with her son. OCGA § 34-1-3 (a) provides that it is unlawful for any employer to discharge or otherwise penalize an employee because she is absent from her employment for the purpose of attending a judicial proceeding in response to a subpoena or other court order or process which requires the attendance of the employee. As it is undisputed that the particular reason Glover was terminated on September 23, 1991, was that she was absent from work while attending a judicial proceeding, that termination was in violation of law. To hold otherwise would allow employers to flout the letter and spirit of OCGA § 34-1-3 (a) and to penalize an employee for attending a judicial proceeding by claiming the penalty or termination was for some other infraction or previous work absence.

Further, the hearing officer specifically found Glover's attendance at the hearing was due to circumstances beyond her control. A claimant for unemployment benefits is entitled to compensation unless the employer proves by a preponderance of the evidence that the discharge was caused by the deliberate, conscious fault of the claimant. *Millen v. Caldwell*, 253 Ga. 112, 115 (317 SE2d 818); OCGA § 34-8-2, as amended. Aside from cases where an employee's infraction involved attendance at a judicial proceeding in accordance with OCGA § 34-1-3 (a), the employer is allowed free rein as far as firing an employee is concerned, but not as to payment of unemployment benefits to the employee. Id. at 114.

The board's denial of unemployment benefits on grounds that Glover was terminated because she had previous attendance problems is not supported by any evidence; she was terminated because she was absent to attend juvenile court proceedings, and that absence was not

due to fault on her part. Therefore, she is entitled under the law to unemployment compensation and the superior court erred in affirming the board's denial of benefits.

*Judgment reversed. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 5, 1993.

*Laurel S. Gross, Howard G. Sokol, Mary I. Dickerson, Phyllis J. Holmen, Lisa J. Krisher,* for appellant.

*Michael J. Bowers, Attorney General, Valencia D. Copeland, Jeffrey L. Milsteen, Assistant Attorneys General,* for appellees.