## A09A0800. DAVANE v. THURMOND.

(685 SE2d 446)

MILLER, Chief Judge.

Deidre Davane's employment with Eagle Creek Software Services, Inc. was terminated after she was unable to confirm her ability to report to an out-of-town assignment. The Georgia Department of Labor initially denied Davane's unemployment benefit claim, but an administrative hearing officer set aside that determination and ruled she was entitled to benefits. In a split decision, the Department's Board of Review reversed the decision of the administrative hearing officer. Following our grant of her application for discretionary appeal, Davane appeals from the superior court's order affirming the Board's decision. We reverse because any evidence does not support the Board's conclusion that Davane was disqualified from receiving unemployment benefits.

The Department's rules require that "appeals to the board of review shall be decided upon the evidence in the record made before the administrative hearing officer." Ga. Comp. R. & Regs. r. 300-2-5-.03 (2) (a). The evidence adduced at the hearing showed that the employer hired Davane for the position of "project lead," a job which "required 100 percent travel." Shortly after she was hired, Devane left an assignment because of a problem with her nanny. On or about August 15, 2007, the employer offered Davane a position as a managing

consultant, which allowed her to work from her home in Atlanta at a lesser salary, but with the understanding that it was a temporary arrangement. In late October 2007, the employer began communicating with Davane about returning to her original position.

According to the Board's findings:

> A specific position came open in Kansas City for January 28, 2008. Discussions about the position started in early January, but testimony was conflicting as to when the claimant became aware of the specific start date. The employer contended it was January 11, 2008. The claimant contended January 23, 2008. The claimant did not have child care arrangements by the afternoon of January 25, 2008, and was discharged.

> The claimant was aware that working from home was temporary. Childcare was her responsibility. The claimant should have reasonably started making childcare arrangements sooner than two working days prior to the start date of January 28, 2008. Therefore, we find she was at fault in the separation and disqualification is required.

"Judicial review of an administrative decision requires the court to determine that the findings of fact are supported by 'any evidence' and to examine the soundness of the conclusions of law that are based upon the findings of fact." (Citation and punctuation omitted.) *Pruitt Corp. v. Ga. Dept. of Community Health*, 284 Ga. 158, 160 (3) (664 SE2d 223) (2008).[1] "When this Court reviews a superior court's order in an administrative proceeding, our duty is not to review whether the record supports the superior court's decision but whether the record supports the final decision of the administrative agency." (Footnote omitted.) *City of LaGrange v. Ga. Public Svc. Comm.*, 296 Ga. App. 615, 616 (657 SE2d 525) (2009).

Our review of the record shows that certain of the Board's findings are misleading, if not literally incorrect. Significantly, the Board's findings imply that the evidence was conflicting as to whether Davane was first informed of the Kansas City project's start

---

[1] Davane claims that the superior court employed the wrong standard of review because its inquiry ended when it found some evidence to support the Board's decision to deny benefits. This claim of error is not supported by the court's order, which reflects its review of both the evidence and the law. "Because there is no evidence in the record affirmatively showing that the court applied the wrong standard of review, we will not presume error." *Infinite Energy v. Ga. Public Svc. Comm.*, 257 Ga. App. 757, 759 (1) (572 SE2d 91) (2002).

date on January 11, 2008, or on January 23, 2008. Arguably, the "testimony" was conflicting, as the Board found, but the evidence was not. Davane testified that Tamara Pechtel, the employer's personnel officer, informed her on January 23, 2008 that she was expected to travel to Kansas City on January 28, 2008. Pechtel testified that Davane was told on January 11, 2008 that she would need to be out of town on January 28, 2008. However, Pechtel further testified that the communication to Davane came from a third party, Tracy Spooner. When Pechtel later asked Davane if she remembered receiving an e-mail from Spooner on January 11, 2008, Davane retrieved a copy of the e-mail and read it into the record. In that communication, Spooner gave Davane a "heads up" about the Kansas City project, but there was no specific start date mentioned, or even a general time frame, nor did Spooner indicate that Davane was definitely assigned to the project. The only conclusion to be drawn from the record is that Pechtel did not have personal knowledge that Davane was informed on January 11, 2008 that the project would start on January 28, 2008. Pechtel's testimony that a third party so informed Davane was not probative and, in view of the evidence of the actual communication, demonstrably mistaken. See generally *Finch v. Caldwell*, 155 Ga. App. 813, 815 (273 SE2d 216) (1980) (hearsay evidence presented at the administrative hearing was not probative to show claimant was intoxicated on the job).

In light of the foregoing, and in consideration of other undisputed evidence before the hearing officer, the Board's decision to disqualify Davane from unemployment benefits is not supported by any evidence. A person may be disqualified from receiving unemployment benefits "after the individual has been discharged or suspended from work with the most recent employer for failure to obey orders, rules, or instructions or for failure to discharge the duties for which the individual was employed." OCGA § 34-8-194 (2) (A). However, disqualification is not appropriate unless the employer shows the "discharge was caused by the deliberate, conscious fault of the claimant." (Punctuation omitted.) *Jamal v. Thurmond*, 263 Ga. App. 320, 321 (1) (587 SE2d 809) (2003). See *Glover v. Scott*, 210 Ga. App. 25, 26 (435 SE2d 250) (1993) (employee's termination due to her absence from work to attend juvenile proceedings with her son was not due to fault on her part); *Tanner v. Golden*, 189 Ga. App. 894, 895 (377 SE2d 875) (1989) (teachers made bona fide efforts to pass certification test, and so their failure to pass the test did not constitute their conscious, deliberate fault). "Disqualification is an exception to the public policy favoring the payment of benefits to persons unemployed through no fault of their own, and the employer

must show by a preponderance of the evidence that disqualification is appropriate." (Footnote omitted.) *Ga.-Pacific Corp. v. Ivey*, 250 Ga. App. 181, 182-183 (1) (549 SE2d 471) (2001).

Since disqualification of benefits requires "deliberate, conscious fault" by the employee, an employee's bona fide effort to comply with an employer's orders is not consistent with a finding of fault. See *Tanner*, supra, 189 Ga. App. at 895; Ga. Comp. R. & Regs. r. 300-2-1-.01 (9) (c) ("Fault which is of a disqualifying nature cannot be ... the mere inability to do the job."). In this case, after being informed on January 23, 2008 that she was required to report to Kansas City on January 28, 2008, Davane promptly began efforts to secure child care. The Board nevertheless found fault in Davane's actions because "[t]he claimant should have reasonably started making childcare arrangements sooner than two working days prior to the start date of January 28, 2008." Pretermitting whether the Board's finding would be sound if Davane had known about the start date in early January, as Pechtel asserted, there was no competent evidence before the hearing officer sufficient to show she unreasonably delayed in making arrangements for child care. Rather, when Davane received her orders to report to Kansas City on five calendar days' notice she remained employed in a managing consultant position which, although temporary, had no definite time limit and allowed her to work from home. She began the process of arranging for child care, but was terminated only two days after receiving notice of the project's start date. Under the circumstances, the evidence does not support a finding that Davane's discharge could be attributed to her conscious, deliberate fault in failing to arrange for child care.

In addition, "determination of a disqualifying fault must be made in the context of whether the employee would reasonably expect, under all the circumstances of employment, that sanction would result from a violation." *Barron v. Poythress*, 219 Ga. App. 775, 777 (466 SE2d 665) (1996). See Ga. Comp. R. & Regs. r. 300-2-1-.01 (9) (c) (in showing fault, the "employer has the burden of proving that the claimant knew or should have known that the violation of the rule, order or instruction could have resulted in termination"). According to Davane, her supervisor was pleased with her work as a managing consultant and wanted her to "serve in a full[-]time capacity on his team." Pechtel admitted that the employer never informed Davane that if she was not able to transition from a managing consultant position back to a project lead position that she would be terminated. See *Barron*, supra, 219 Ga. App. at 777. Compare *Jamal*, supra, 263 Ga. App. at 321 (1) (verbal warning not required to be given before termination). At the time the

employer ordered her to Kansas City to work on an open-ended project,[2] Davane was still employed in the lower-paying managing consultant position and not the constant-travel project lead position. Under the circumstances, Davane could not reasonably expect that her inability to confirm within 48 hours that she would report to Kansas City on January 28, 2008 would result in her termination. "If an employer . . . wishes to be arbitrary about such matters, Georgia law allows it nearly free rein as far as the firing is concerned, but not as far as payment of unemployment compensation benefits to the ex-employee is concerned." (Citation and punctuation omitted.) *Barron*, supra, 219 Ga. App. at 777.

We conclude that the employer failed to carry its burden of showing Davane was disqualified from unemployment benefits for the purpose of OCGA § 34-8-194. "As [the employer] did not carry its burden of showing that [Davane] came within the disqualification exception, she is entitled under the law to unemployment compensation and the superior court erred in affirming the denial of benefits." (Citations omitted.) *Barron*, supra, 219 Ga. App. at 777.

*Judgment reversed. Andrews, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 15, 2009.

*Mary I. Dickerson*, for appellant.
*Thurbert E. Baker, Attorney General*, for appellee.

---

[2] According to Pechtel, on the employer's projects "there's never an end date."