A11A0702. TEAL v. THURMOND et al.

(713 SE2d 436)

BLACKWELL, Judge.

Host International, Inc. terminated its employment of Sonja Teal, ostensibly because she violated its policies and rules. Teal applied for unemployment compensation benefits, but the Board of Review of the Department of Labor concluded that she was disqualified for benefits, based on its finding that she was, in fact, terminated

for violating the policies and rules of her employer.[1] Teal sought judicial review, but the superior court upheld the decision of the Board. We then granted her application for discretionary review. Based on our review of the record, we conclude that Host failed in the administrative proceedings to prove by competent evidence that Teal was, in fact, terminated for violating its policies and rules, and for this reason, the decision of the Board disqualifying her for benefits cannot be sustained. Accordingly, we reverse the judgment below.[2]

An employee is disqualified for unemployment compensation benefits when her employment is terminated for "failure to obey orders, rules, or instructions," OCGA § 34-8-194 (2) (A), but an employer claiming that a former employee is disqualified bears the burden of proving the grounds for disqualification by a preponderance of the evidence.[3] See *Ga.-Pacific Corp. v. Ivey*, 250 Ga. App. 181, 182-183 (1) (549 SE2d 471) (2001); *Millen v. Caldwell*, 253 Ga. 112, 113 (317 SE2d 818) (1984). When a court reviews a decision of the Board that an employee is disqualified, the factual findings of the Board are conclusive to the extent that they are supported by competent evidence, see OCGA § 34-8-223 (b), and the court must affirm the decision of the Board if it is supported by any competent evidence. See *Miller Brewing Co. v. Carlson*, 162 Ga. App. 94, 95 (290 SE2d 200) (1982) (evidence must have probative value). It is settled, however, that hearsay is not competent evidence and "is without probative value to establish any fact." *Finch v. Caldwell*, 155 Ga. App. 813, 815 (273 SE2d 216) (1980).

The record indicates that Teal was employed by Host as a server and bartender at a restaurant in the Atlanta airport. In August 2009, her employment with Host was terminated after Host accounting personnel determined that Teal failed to account for more than $50 that she collected during a bartending shift, which would amount to a violation of Host's cash-handling policy. She had been warned before about the cash-handling policy and about earlier failures to properly account for cash collections, so we have little doubt that, if Host had proven that she, in fact, failed to account for more than $50 in August 2009, the Board properly might have concluded that she

---

[1] In a split decision, the Board reversed the decision of an administrative hearing officer, who had found that Teal was entitled to benefits. The administrative hearing officer concluded, as we do today, that Host failed to come forward with competent evidence that Teal was fired for violating company policies and rules because it only adduced hearsay evidence of that fact.

[2] We note that Host made no appearance and filed no brief in the superior court or in this Court, despite our order directing it to do so.

[3] We have said before that, to carry this burden, an employer must show that the termination of the former employee "was caused by the deliberate, conscious fault of the [former employee]." *Davane v. Thurmond*, 300 Ga. App. 474, 476 (685 SE2d 446) (2009) (citation and punctuation omitted).

was disqualified for benefits. But the only evidence of this fact adduced at the administrative hearing was hearsay.

The only witness to appear at the hearing for Host was a human resources generalist, who apparently had no personal knowledge of any of the facts surrounding the incident that led to the termination of Teal.[4] According to this witness, the cash-handling policy adopted by Host specifies that an employee may be terminated if she fails to properly account for more than $50. The witness understood that some accounting personnel had reported a discrepancy between the amount of cash that Teal received during a bartending shift and the amount she later turned over to Host, and the witness understood that the accounting personnel notified Teal's manager, who fired Teal. But when asked about the details of the discrepancy and how it was discovered, the witness said that "I'm by far not the expert on cash handling. I've never run a register, so I don't even know if I can answer your question." The witness also said: "I don't . . . even pretend to understand how that accounting part worked. Uh, I really don't know." Testimony that someone else reported a discrepancy may be competent to prove that the other person made the report, but when offered for the truth of the matter asserted — that the report was true and that a discrepancy, in fact, occurred — it is the very definition of hearsay. See *Citadel Corp. v. All-South Subcontractors*, 217 Ga. App. 736, 738 (1) (458 SE2d 711) (1995) (billing statements constitute nothing more than hearsay without testimony of a witness with personal knowledge of the services purportedly rendered and reported therein); *Johnson v. Parnes*, 163 Ga. App. 404, 405 (294 SE2d 624) (1982) (witness testimony that "somebody reported" a fact to her is hearsay and has no probative value to establish the fact); *Harris v. Collins*, 149 Ga. App. 638, 640 (4) (255 SE2d 107) (1979) (writings made by a person not available for cross-examination are clearly hearsay). That is precisely the kind of evidence offered by Host in the administrative proceedings below. And hearsay is not competent to prove a violation of an employer's policies or rules sufficient to disqualify the employee for benefits.[5] See *Davane v. Thurmond*, 300 Ga. App. 474, 476 (685 SE2d 446) (2009); *Finch*, 155 Ga. App. at 815.

---

[4] When asked by the hearing officer why the assistant store manager, "who actually had knowledge of . . . how the . . . overage occurred," was not available to testify, Host's witness responded that she did not ask him to be at the hearing. The witness later said that she wanted the store manager, who had personal knowledge of the relevant events, to be present for the hearing, but he apparently was not available.

[5] Moreover, as explained in *Neal v. Augusta-Richmond County Personnel Bd.*, 304 Ga. App. 115, 117-118 (1) (695 SE2d 318) (2010), even in an administrative proceeding, a party is entitled to confront and cross-examine someone involved in the events surrounding his termination.

There is nothing else in the administrative record that will sustain a finding that Teal, in fact, failed to account for $50 in violation of Host's policies and rules. Teal testified, and although she admitted that she was told of a $51 discrepancy, she never admitted that there was one. In fact, she explained that because bartenders make a blind drop of their cash, she had no way of knowing whether the reported discrepancy, in fact, occurred. And Host's witness testified that, "as far as I know," it should be a blind drop. Although there are some documents in the record — including something that looks like a cash reconciliation audit for a cashier — these documents were not identified, authenticated, or even discussed at the hearing, and in any event, the cash reconciliation audit document is not legible at the lines where it purports to state the amounts of cash expected and reported. Accordingly, the decision of the Board cannot be sustained. Because the superior court below should have overturned the decision of the Board, we reverse the judgment below.

*Judgment reversed. Barnes, P. J., and Adams, J., concur.*

DECIDED JUNE 28, 2011.

*Kimberly Charles, David A. Webster*, for appellant.

*Thurbert E. Baker, Attorney General, Kimberly B. Lewis, Assistant Attorney General*, for appellee.