**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**August 23, 2013**

# In the Court of Appeals of Georgia

A13A0938. JOHNSON v. BUTLER et al.

DILLARD, Judge.

Shilene Johnson was discharged from her job as an elementary-school teacher in Fulton County and applied for unemployment-compensation benefits, which were denied. Following Johnson's challenge, an administrative-hearing officer ("AHO") affirmed the denial of benefits, as did both the Department of Labor Board of Review (the "Board") and the Superior Court of Fulton County. Johnson now appeals, arguing that the Board erred in finding that she was disqualified from benefits because she failed to obtain the necessary teacher certification as instructed upon hire. For the reasons set forth *infra*, we reverse.

The record shows that Johnson was hired by the Fulton County School District (the "District") in 2006 to teach elementary school. At the time Johnson was hired,

the District informed her that she was required to pass the GACE teachers examination within five years of the start of her employment. Johnson understood this requirement, and although she took the GACE exam eight times between 2006 and 2011, she failed to pass it. Consequently, in September 2011, after failing to pass the exam within five years, the District terminated her employment.

Johnson then applied for unemployment-compensation benefits, which were denied. Johnson challenged the denial, and an AHO held a hearing on the matter. No representative from the District attended the hearing, and only Johnson testified. Three days later, the AHO affirmed the denial of benefits, finding that because Johnson did not obtain her GACE certification within five years of the start of employment, she was disqualified from receiving benefits for her "failure to obey rules, orders, or instructions, or for failure to perform the duties for which employed."[1]

Johnson appealed to the DOL Board of Review, but the Board adopted the AHO's decision. Shortly thereafter, she filed a petition for judicial review in the Superior Court of Fulton County. Both parties filed briefs, and a hearing was held on the matter but was not transcribed. On October 8, 2012, the superior court entered an

---

[1] *See* OCGA § 34-8-194 (2) (A).

2

order affirming the Board's decision. Consequently, Johnson filed an application for discretionary appeal, which we granted. This appeal follows.

At the outset, we note that when a court reviews a decision of the DOL Board of Review that an employee is disqualified for unemployment-compensation benefits, "the factual findings of the Board are conclusive to the extent that they are supported by competent evidence, and the court must affirm the decision of the Board if it is supported by any competent evidence."[2] Furthermore, this Court's duty is not to review "whether the record supports the superior court's decision but whether the record supports the initial decision of the administrative agency."[3] And on appeal, we will similarly uphold the Board's factual findings if there is any evidence to support them.[4] With these guiding principles in mind, we turn now to Johnson's enumeration of error.

Johnson contends that the Board erred in disqualifying her for unemployment-compensation benefits on the ground that she failed to follow the instructions of her

[2] *Teal v. Thurmond*, 310 Ga. App. 312, 313 (713 SE2d 436) (2011) (citation omitted); *see* OCGA § 34-8-223 (b).

[3] *Solinet v. Johnson*, 280 Ga. App. 227, 228 (633 SE2d 626) (2006) (punctuation omitted).

[4] *Id.*

3

employer. Specifically she argues that although she did not become GACE certified within five years of beginning her employment, she made a bona fide effort to pass the exam, which qualifies her for benefits. We agree and, therefore, reverse the judgment below.

Under Georgia law, no unemployment-compensation benefits are due to an individual who is fired "for failure to obey orders, rules, or instructions or for failure to discharge the duties for which the individual was employed as determined by the Commissioner according to the circumstances in the case."[5] However,

> [a]n individual shall not be disqualified for benefits . . . if, based on the rules and regulations promulgated by the Commissioner, the Commissioner determines . . . [t]he individual made a good faith effort to perform the duties for which hired but was simply unable to do so . . . [t]he individual did not intentionally fail or consciously neglect to perform his or her job duties.[6]

---

[5] *See* OCGA § 34-8-194 (2) (A).

[6] *See* OCGA § 34-8-194 (2) (B) (i), (ii).

4

This is consistent with the fact that "Georgia, like the other states of the Union, has a strong public policy favoring payment of unemployment benefits to persons unemployed through no *fault* of their own."[7]

Thus, an employer claiming that a former employee is disqualified from receiving unemployment benefits "bears the burden of proving the grounds for disqualification by a preponderance of the evidence."[8] In fact, disqualification is not appropriate unless "the employer shows the discharge was caused by the deliberate, conscious fault of the [employee]."[9] And as the Supreme Court of Georgia has explained, "'[f]ault' means more than mere failure to perform one's work duties."[10] As such, an employee who does not perform her work assignment because "she is *unable* to do so (*i.e.*, not through fault or conscious neglect) cannot be penalized

---

[7] *Millen v. Caldwell*, 253 Ga. 112, 113 (317 SE2d 818) (1984); *see also Williams v. Butler*, ___ Ga. App. ___, Slip op. at 5 (1) (Case No. A13A0552; decided June 12, 2013); OCGA § 34-8-2 ("As a guide to the interpretation and application of this chapter, the public policy of this state is declared to be as follows: economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of this state . . . .").

[8] *Teal*, 310 Ga. App. at 313; *see also Williams*, Slip op. at 6 (1).

[9] *Davane v. Thurmond*, 300 Ga. App. 474, 476 (685 SE2d 446) (2009) (punctuation omitted).

[10] *Millen*, 253 Ga. at 113.

5

under OCGA § 34-8-[194 (2) (A)]."[11] Furthermore, although we are bound to apply the "any evidence" standard in these cases, "whether there is fault assignable to a claimant, which is a legal requirement for disqualification, often requires a legal conclusion."[12]

Here, it is undisputed that Johnson took the GACE exam eight times during a period of five years, but did not succeed in passing it. What *is* in dispute is whether her failure to pass the test was due solely to her inability to pass the test, or was instead caused by a conscious neglect on her part, which would justify disqualifying her from receiving unemployment benefits under OCGA § 34-8-194 (2) (A).

Having carefully examined the record on appeal, we conclude that there is no evidence contradicting Johnson's contention that she made a bona fide effort to pass the GACE exam. Indeed, the District provided no evidence during the hearing before the AHO that Johnson's repeated failures were the product of her carelessness or deliberate malfeasance, and the Board made no finding of fact that she failed to make a bona fide effort to pass the exam. And in this regard, our case law has established

---

[11] *Id.*; *see also Williams*, Slip op. at 6 (1) (same).

[12] *Fulton County School Dist. v. Hersh*, __ Ga. App. __, Slip op. at 10 (1) (Case No. A12A2352; decided March 26, 2013) (punctuation omitted); *see also Williams*, Slip op. at 6-7 (1).

that a teacher discharged for failing to pass a certification exam shall not be disqualified from unemployment-compensation benefits if the teacher made a "bona fide effort" to pass the exam.[13]

Nevertheless, the District now argues that Johnson's testimony that "things . . . on the test were not typical to teaching children" shows her failure to adequately prepare for the exam. While this testimony indicates a possible reason for her exam failures, it does not constitute evidence that Johnson did not make a bona fide effort to pass the exam. Additionally, the fact that Johnson was notified of the GACE

_____

[13] *See Troup County Bd. of Ed. v. Daniel*, 191 Ga. App. 370, 371 (381 SE2d 586) (1989) (holding that a teacher was qualified for unemployment-compensation benefits after she failed a certification test three times in one year, when there was no evidence suggesting she did not engage in her best efforts); *see Tanner v. Golden*, 189 Ga. App. 894, 895 (377 SE2d 875) (1989) (holding that a teacher was qualified for unemployment-compensation benefits when she made bona fide efforts to pass a certification exam and the evidence showed that she took the exam several times and used study aids). In its brief, the District argues that our decision in *Tanner* is physical precedent only pursuant to Court of Appeals Rule 33 (a), which provides that "[i]f an appeal is decided by a Division, a judgment in which all three judges fully concur is a binding precedent; provided, however, an opinion is physical precedent only with respect to any Division of the opinion for which there is a concurrence in the judgment only or a special concurrence without a statement of agreement with all that is said . . ." Assuming *arguendo* that *Tanner* is only physical precedent, it is ultimately of no consequence because a subsequent, unanimous panel of this Court fully adopted the reasoning of *Tanner* in the *Daniel* opinion noted *supra*. The District's contention that Court of Appeals Rule 33 (a) precludes a panel of this Court from fully adopting, and thus making fully precedential, a prior physical precedent is wholly without merit.

requirement upon her hire is not relevant to whether she made bona fide efforts to pass the exam. While passing the exam was a legitimate requirement for Johnson's continued employment, and her subsequent failure to pass the test was a legally permissible reason for her discharge, this requirement cannot be used to disqualify her from receiving unemployment-compensation benefits.[14] Accordingly, we reverse the judgments below and remand this case to the Board for a decision consistent with this opinion.

*Judgment reversed. Andrews, P. J., and McMillian, J., concur.*

---

[14] *See Davane*, 300 Ga.App. at 477 ("[Because] disqualification of benefits requires 'deliberate, conscious fault' by the employee, an employee's bona fide effort to comply with an employer's orders is not consistent with a finding of fault."); *Tanner*, 189 Ga. App. at 895 (finding that a teacher who failed certification exam did not exhibit "the conscious, deliberate fault necessary" to disqualify her from benefits); *see also Daniel*, 191 Ga. App. at 371 (following the reasoning set forth in *Tanner*).